MONROE GRANTHAM, *Appellant,* v. J. H. BRIGHTWELL, *Appellee.*

En Banc.

Opinion filed August 1, 1928.

*Hugh G. Nones* and *F. A. Whitney,* of Arcadia, for Appellant;

*Leitner & Leitner,* of Arcadia, for Appellee.

STRUM, J.—This is an appeal from an order sustaining a general demurrer to an amended bill of complaint.

In so far as the bill seeks only to recover moneys alleged to be due from defendant to complainant as the consideration for the assignment by complainant to defendant of an option held by complainant to purchase certain lands from a third person, the bill is without equity.

The bill also seeks, however, to impress a constructive trust upon the lands in favor of complainant. To that end it is in effect alleged, amongst other things, that the defendant is a man thoroughly experienced in real estate transactions while the complainant is alleged to be inexperienced in that respect; that defendant knowing that complainant held an option to purchase the lands in question, and of complainant's lack of experience, first sought to purchase the option from complainant but complainant declined to sell the same; that defendant then sought and received complainant's authority to act as agent of the latter in procuring a conveyance of the land from the optionor for the use and benefit of complainant and to thereafter buy complainant's interest in the land at a stated price satisfactory to complainant, the complainant executing, under circumstances tending to divert inquiry, what was represented to him by defendant to be and what complainant thought to be a written power of attorney constituting defendant the agent of complainant for the purpose of procuring the conveyance, but which later proved to be an assignment to defendant of the option; that defendant represented that if complainant did not act through him in procuring a conveyance, he (complainant) would have

great difficulty in procuring a conveyance from the optionor and through litigation which would surely follow that complainant might lose his rights under the option and might not be able to procure a conveyance at all; and that contrary to and in violation of the trust and confidence thus sought by defendant and reposed in him by complainant, the defendant thereafter, while representing to complainant that he was acting for him as his agent, procured a conveyance of the lands to himself and declined to recognize complainant's rights in the land. In the latter aspect, the bill is good as against general demurrer. See Quinn v. Phipps, 113 So. R. 419; 54 A. L. R. 1173.

Reversed and remanded.

WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., dissents.

ELLIS, C. J. (dissenting):

I do not agree to the conclusion reached by my associates. The amended bill in its last analysis rests upon the proposition that parol evidence is admissible to vary the terms of a written agreement; that a deed of conveyance by the owner of lands to the defendant may be declared to constitute a constructive trust in favor of a third person, the complainant, upon the ground that the complainant had an option to purchase the lands from the owner but which option he had assigned to the defendant upon the latter's promise to pay the holder a certain sum if the defendant was unable to acquire the title without litigation or a larger sum if he could acquire it without such expense, and that the defendant had failed to carry out his agreement to pay the sum promised.

Upon a demurrer the allegations of the bill are to be construed strongly against the complainant. There is no need to go into the reason for that salutary rule.

The facts as alleged are in substance as follows: The complainant held an option to purchase the land from the owner. The defendant wanted to purchase the option and applied to complainant to sell it, who declined at first to do so. The defendant used arguments to persuade the complainant to allow the defendant to handle the transaction as complainant's agent, in which he made certain representations as to litigation that would surely follow if complainant undertook the management alone, and how the defendant with a superior knowledge of transactions of that kind and questions of that nature and the mysteries of litigation and real estate juggling in general could almost certainly carry the transaction through without the annoyance and expense of litigation; that he would take the title in complainant's name, pay the first payment on the purchase price and pay the complainant Twenty-five Hundred ($2,500.00) Dollars for his interest in the property if defendant had a law suit in obtaining title and pay complainant Five Thousand ($5,000.00) Dollars if title was obtained without a law suit.

Now, according to the allegations of the bill, instead of that agreement being carried out and the defendant appointed as complainant's agent, the complainant signed an assignment of the option to the defendant; the instrument being prepared by an attorney who in the transaction acted for both complainant and the defendant. There are allegations that complainant, whom it is not alleged is either ignorant, illiterate or unable to read, signed the assignment *believing* that he was by that instrument merely appointing the defendant as agent.

It is also alleged that when complainant learned that the defendant had acquired the title the complainant "re-

quested respondent to pay him as promised, the considera-
tion therefor. And respondent wholly and flatly *refused* to
*pay* him, the *complainant,* the *promised consideration."*
(Italics mine.) Therefore, the complainant prayed for the
equitable relief of an accounting; that the assignment be
declared to be a mortgage, or cancelled, and if a mortgage
that it be "foreclosed in the usual methods in a chancery
court, after first giving the *respondent* an *opportunity* to
*pay* said amount." (Italics mine.)

There was a prayer in the alternative that the court
would declare the respondent to be the holder of the title
to the property in trust for the complainant.

It is clearly apparent from the allegations of the bill that
the complainant conceives his case to rest upon the de-
fendant's refusal to pay the complainant Five Thousand
($5,000.00) Dollars "the promised consideration" for the
assignment of the option or the plaintiff's interest in the
property.

I do not regard the case of Quinn v. Phipps, 93 Fla.
805, 113 So. R. 419, 54 A. L. R. 1173, as analogous.

It does hold, however, that a resulting or constructive
trust may be proven by parol testimony but that the evi-
dence to establish such a trust must be so clear, strong
and unequivocal as to remove from the mind of the chan-
cellor every reasonable doubt as to the existence of the
trust.

Now the allegations of this bill do not show, even as-
suming the parol evidence to be admissible over the writ-
ten assignment of the option, that it was in the minds of
the parties that the transaction between the defendant and
complainant was intended to creat a trust in the latter's
favor, nor that by a breach of fiduciary relations a con-
structive trust was created, but only that an agreement
existed between them that if the defendant acquired the
title without a lawsuit he would pay the complainant for

his interest Five Thousand ($5,000.00) Dollars. If that agreement is valid over the written assignment of the option the remedy is clearly at law.

The complainant had no interest in the property. There is no allegation that he had closed the option and that it had become merged into a contract to convey. All he had was an option, a right to tell the owner he would buy on the terms named. This right he assigned to defendant on the latter's promise to pay a certain consideration therefor.

I think, therefore, that the decretal order of the chancellor sustaining a demurrer to the bill should be affirmed.