WM. A. McCARTY, *Plaintiff in Error*, v. ANN B. PALMER, as Administratrix *Cum Testamento Annexo* of the Estate of Edwin W. Palmer, deceased, *Defendant in Error*.

148 So. 867.
Division B.
Opinion filed June 8, 1933.

*Hugo C. Enstrom*, for Plaintiff in Error;

*J. W. Watson, Jr.*, for Defendant in Error.

BUFORD, J.—This was a suit by McCarty on a note which he acquired by assignment in the sum of $7,500.00 payable eight years after date with interest at 6 per cent. The note was originally made to Dade County Security Company, a Florida Corporation, on March 12, 1926. Suit was filed September 21, 1931. The note was given for a loan of

money and was secured by a mortgage on certain property owned by Edwin W. Palmer and his wife Ann B. Palmer as an estate by the entireties.

Edwin W. Palmer died testate before the institution of the suit.

The amended declaration alleges all necessary facts to show the plaintiff's right to maintain the suit. The defendant filed several pleas. Issue was joined and trial was had on pleas 1, 2, 3 and 4. These pleas set up substantially the same defense. Plea No. 2 is as follows:

"And for Second Plea to said amended declaration, this defendant says that she admits the execution and delivery by the said Edwin W. Palmer, deceased, to the Dade County Security Company, a Florida Corporation, of the note and mortgage as in said amended declaration set forth and therein referred to as Plaintiff's Exhibits One and Two respectively.

"Defendant avers that on the 15th day of March, 1926, the said Edwin W. Palmer, now deceased, and this defendant Ann B. Palmer, being then married to each other as husband and wife, became and were the fee simple owners of an estate in the entireties in and to that certain real estate particularly described in the said mortgage and set forth in said amended declaration and securing the indebtedness therein sued upon; that on the 20th day of February, A. D. 1931, the said Edwin W. Palmer departed this life in the City of Miami, Florida; that at the time of his death the said Edwin W. Palmer and this defendant Ann B. Palmer were the owners of said real estate by the entireties as such husband and wife as aforesaid and that upon the death of the said Edwin W. Palmer this defendant Ann B. Palmer, as his surviving widow, became vested with the sole ownership of said real estate in fee simple and that she is the owner thereof at the present time.

"That during his life time the said Edwin W. Palmer, on to-wit: the 4th day of December, 1930, acting for himself and in behalf of this defendant Ann B. Palmer and by and with her authority made and entered into verbal agreement with the said plaintiff William A. McCarty whereby and by the terms whereof the said Edwin W. Palmer agreed to and did employ the said plaintiff to act as agent for and in behalf of the said Edwin W. Palmer and this defendant Ann B. Palmer and the said plaintiff then and there agreed and undertook to act as such agent for the purpose of conducting and concluding said proposed negotiations with the said Dade County Security Company, the object of which was to obtain from the said Dade County Security Company, upon such terms and for such consideration as would be mutually satisfactory to the said Edwin W. Palmer and the said Dade County Security Company, a complete extinguishment, release and discharge of the indebtedness then due and owing from the said deceased to the said Dade County Security Company, represented by the note and mortgage sued upon in plaintiff's amended declaration and therein respectively referred to as Exhibits One and Two as aforesaid. That as a part of the said verbal agreement between the said deceased and the said plaintiff and in consideration of plaintiff's said promise and undertaking to act as such agent in behalf of said deceased in negotiating with the said Dade County Security Company for the satisfaction and discharge of said indebtedness as aforesaid the said deceased and this defendant undertook and agreed to grant and convey unto the said plaintiff the title in fee simple to the aforesaid real estate, said property to constitute plaintiff's compensation for his services as such agent in the event that he should be successful in procuring a release and discharge of said indebtedness as aforesaid.

"And defendant avers that by reason of the fiduciary relationship of principal and agent respectively existing between the said deceased and this defendant on the one hand and the said plaintiff on the other and by reason of the trust and confidence in said plaintiff thereby reposed, it then and there became and was the plaintiff's duty in conducting and concluding said negotiations with the said Dade County Security Company to exercise the utmost good faith to protect and preserve said decedent's right and interests in the premises and not to acquire for his own use and benefit any right, interest or profit in or from the subject matter of such agency adverse or disadvantageous to said deceased or to this defendant; but that said plaintiff, acting in violation of the terms of his agency and in disregard of the trust and confidence in him reposed, did on the 17th day of December, 1930, during the lifetime of the said Edwin W. Palmer and during the existence of said agency, fraudulently and without the knowledge and consent of said deceased or of this defendant, obtain and receive from the said Dade County Security Company through one E. M. Porter as Liquidator thereof, and under his hand and seal an assignment to himself of the note and mortgage aforesaid in said amended declaration sued upon; that by the terms of said assignment just referred to in plaintiff's amended declaration as Exhibit Four the said Dade County Security Company, through its said Liquidator E. M. Porter, assigned, transferred and delivered the said note and mortgage and all right, title and interest therein to the said plaintiff William A. McCarty as assignee for his own use and benefit. That the said plaintiff paid to the said E. M. Porter as Liquidator of the said Dade Security Company as and for the price and consideration for said assignment the sum of $25.00 and no other sum of money or thing of value whatsoever.

"And this defendant does hereby tender to the said plaintiff and does hereby bring into court for delivery to said plaintiff at the time of filing this plea a warranty deed, signed, sealed, witnessed and acknowledged according to law by herself as grantor, conveying and assuring unto the said plaintiff William A. McCarty, as grantee, the absolute fee simple title in and to that certain real estate particularly described in said mortgage and marked Exhibit Two as aforesaid.

"And this the said defendant as administratrix aforesaid is ready to verify."

It is not necesary to set out the other pleas here, as each of them presented the same matters in different forms and verbiage.

A demurrer to the pleas was overruled, and we think properly so. Issue was joined and trial resulted in favor of defendant. The plaintiff sued out a writ of error.

The plaintiff contends that the statute of frauds is involved in this case. It is not. The question here involved is one of principal and agency. If the pleas state the facts and there is adequate evidence in the record to sustain the pleas, then the plaintiff voluntarily occupied a fiduciary relation with the makers of the note and mortgagors. When he agreed with them to negotiate for the cancellation of the note and mortgage so that they could convey to him free of encumbrance the land which he sought to acquire from them he placed himself in such position that he could acquire no title in the note and mortgage adverse to the interest of the note and mortgagor. Having undertaken to act in their behalf, he was bound to exercise the utmost good faith and when he effectuated the assignment of the note and mortgage pursuant to the agreement which he had made and purchased for nominal consideration the note and mortgage (whether done for that purpose or not) he took it in trust

for the makers thereof and was bound to make the cancellation which he had agreed to accomplish in the absence of default as to such agreement on the part of the principals for whom he assumed to act.

It is immaterial that he received no consideration for acting as agent. It is just as immaterial that he advanced his own money with which to purchase the note and mortgage. What he was bound to do was to effectuate in the end the cancellation of the note and mortgage for the makers thereof, unless they failed and refused to live up to their part of the agreement.

It is needless for us to roam beyond this jurisdiction to find ample authority upon which to base the conclusion that the judgment should be affirmed. Boswell v. Cunningham, 32 Fla. 277, 13 Sou. 354, 21 L. R. A. 54; Clark v. Johnson, 91 Fla. 485, 107 So. 636; Quinn v. Phipps, 93 Fla. 805, 113 Sou. 419; 54 A. L. R. 1173; Grantham v. Brightwell, 90 Fla. 366, 117 Sou. 885; Fulton *et al.* v. Clewiston, Ltd. *et al.*, 100 Fla. 257, 129 Sou. 773; State *ex rel.* Harris v. Gautier, 108 Fla. 390, 147 Sou. Rep. 240.

We might cite numerous cases from other jurisdictions as well as the statements of text writers of recognized authority but we deem that unnecessary.

The verdict of the jury finds ample support in the evidence. The trial judge denied motion for a new trial. The judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.