JEREMIAH C. VAUGHN v. ILA M. STEWART, *et vir.*

191 So. 693
Opinion Filed September 26, 1939
Rehearing Denied November 14, 1939

*John J. Moore,* for Appellant;

*Smith & Kanner,* for Appellees.

CHAPMAN. J.—On January 20, 1937, Ila M. Stewart and husband, J. R. Stewart, filed in the Circuit Court of Martin County, Florida, their bill of complaint to quiet title in and to certain lands therein described against many defendants. The suit was filed under Section 5012 C. G. L. The appellee here, a defendant below, Jeremiah C. Vaughn, individually and as administrator, on April 5, 1937, filed a motion to dismiss the bill of complaint, *supra,* on the grounds, viz.: (a) The bill of complaint fails to show a right of equitable relief as against the defendant; (b) that the bill of complaint fails to allege facts sufficient to show a cause of action.

On April 14, 1937, the lower court made and entered an order overruling and denying the motion to dismiss and on appeal here the said ruling is assigned as error. We have carefully examined the bill of complaint to which the motion was addressed and hold that it is legally sufficient to withstand the attack thereon as appears in the motion to dismiss. The law requires a complainant to allege in his bill of complaint every fact clearly and definitely that is necessary to entitle him to the relief prayed for, and if he omits essential facts therefrom he must suffer· the consequences of his so doing. See Godwin v. Phifer, 51 Fla. 441, 41 So. 597; Morrison v. Braddock, 100 Fla. 1152, 131 So. 124. If the

bill of complaint contains equity, the motion to dismiss should be overruled or denied. The bill contains equity and the motion to dismiss was properly denied by the lower court. See Welborn v. Pierce, 75 Fla. 667, 78 So. 929; Brickell v. Trammell, 77 Fla. 544, 82 So. 221; Tibbetts v. Olson, 91 Fla. 824, 108 So. 679.

On the 14th day of May, 1937, a joint and several answer to the bill of complaint was filed by Jeremiah C. Vaughn, individually and as administrator. On the 18th day of May, 1937, the plaintiffs below filed in the lower court a motion to strike given portions of the said answer upon grounds therein set forth. The lower court sustained the motion to strike and the same on appeal is argued as error in this Court. We fail to find merit in this assignment.

The record shows a counter claim incorporated in and made a part of the answer of the defendant below. A motion to dismiss the counter claim was sustained by the lower court on July 21, 1937, but in the same order the defendant below was permitted or allowed additional time in which to amend the counter claim, but the defendant declined so to do but perfected his appeal and assigns as error the aforesaid order. We fail to find merit in the assignment.

The rule is well settled that in equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge and one who complains of error must make the same to appear. The appellee on this record has failed to meet that burden. See Britt v. State, 88 Fla. 482, 102 So. 761; State v. Merritt, 86 Fla. 164, 99 So. 230; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194; Clements v. State, 51 Fla. 6, 40 So. 432.; Stover v. Stovall, 103 Fla. 284, 137 So. 249.

The orders appealed from are hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

THOMAS, J., disqualified.

TERRELL, C. J., not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.