**WILLIE SAFFORD v. A. T. McCASKILL, as Executor of the Estate of Lena Dean Safford; Benda Louise Benjamen, Nathan Benjamen, III, Ruth Glenn, Bessie Franklin, and Carrie F. Haines.**

25 So. (2nd) 210  
March 1, 1946  
Rehearing denied March 27, 1946

January Term, 1946  
Division A

**134**

*Ella Jo Stollberg,* for appellant.

*Jesse Macbeth,* for appellees.

CHAPMAN, C. J.:

As amended bill of complaint was filed by the appellant, Willie Safford, in the Circuit Court of Broward County against A. T. McCaskill, executor of the estate of Lena Dean Safford, the deceased wife of the appellant, and the legatees and devisees claiming under her last will and testament. Willie Safford and Lena Dean Safford were husband and wife and cohabited as such for some few years prior to the latter's death, the exact date of which is not made clear by the allegations of the amended bill, but her last will and testament is dated January 16, 1945, and it was admitted to probate on January 26, 1945, by Honorable Boyd H. Anderson, County Judge of Broward County, Florida, and it is reasonable to assume that her death occurred after January 16th and prior to January 26th, 1945.

The amended bill alleged that the relation of husband and wife between the parties began in the year 1939 and was continuous until the death of Lena Dean Safford sometime in January, 1945; that the plaintiff was illiterate, not being able to read or write, was without business experience and unaccustomed to business transactions, but that Lena Dean Safford, his wife, could read and write, was experienced in real estate transactions and business adventures and ably qualified to handle investments, and enjoyed the esteem, respect and confidence of her husband, Willie Safford; that she had no money or property in 1939 when she and appellant (plaintiff below) began living together, nor did she acquire any of her own thereafter; that she handled all the business transactions of the appellant after 1939 until the time of her death; the appellant, between January 1, 1940 and December 1, 1944, placed in the hands of Lena Dean Safford, his wife, to invest in real estate and other dependable securities the sum of $6,806.66, with a clear and distinct understanding with her that she would invest said funds in real estate and sound or safe securities, and that the title and ownership thereof would be placed by her in the joint names of Willie Safford and Lena

Dean Safford; that she accepted the aforesaid funds from the appellant with the distinct understanding that said funds were the property of Willie Safford and that she as his wife would invest same and accept title to the properties so acquired in the joint names of Willie Safford and Lena Dean Safford, as husband and wife.

The amended bill of complaint in effect makes the following specific allegations:

1. The plaintiff, between 1939 and 1943, advanced to or supplied Lena Dean Safford with the necessary money with which to purchase lots 17 and 18 of Block 11 of North Lauderdale, with the understanding that the deed thereto would be placed in the joint names of Willie Stafford and Lena Dean Safford; that she purchased the aforesaid property with plaintiff's money but accepted title thereto in the name of Lena Dean Safford, and the conveyance did not include the name of Willie Safford.

2. That the plaintiff, between the years 1939 and 1944, advanced to or supplied Lena Dean Safford a sum of money in excess of $1,600.00 with which to purchase Lot 16 of Block 11 of North Lauderdale, with the understanding that the deed thereto would be taken in the joint names of Willie Safford and Lena Dean Safford; that she purchased the said property with plaintiff's money but accepted title thereto in her own name and not in the joint name of Willie Safford and Lena Dean Safford.

3. That the plaintiff, between the years 1940 and 1943, advanced to or supplied Lena Dean Safford with the necessary money with which to purchase Lots 7 and 8 of Block 46 of Marietta, Duval County, Florida, with the understanding that the deed thereto would be placed in the joint names of Willie Safford and Lena Dean Safford; that she acquired the property with the plaintiff's money but accepted title thereto in the name of Lena Dean Safford and said instrument did not include the joint names of Willie Safford.

4. That the plaintiff advanced or supplied to Lena Dean Safford the necessary money with which to protect from liens and other obligations two pieces of real estate situated in Duval County, Florida, one tract the legal description of

which was to the appellant unknown, but the second tract was Lot 101 of Barnett Land Company Subdivision of Jacksonville, the title to which was taken in the name of Lena Dean Safford and did not include the joint names of Willie Safffford and Lena Dean Safford; that the sum of $1,200.00, being the proceeds of the sale of the tract the description of which was unknown to the appellant, was accepted as the property of the Lena Dean Safford Estate, although plaintiff supplied the funds that acquired the two pieces of property and no part thereof was supplied by Lena Dean Safford.

The amended bill further alleged:

"That regardless of her representations said Lena Dean Safford did deliberately and with malice deceive and defraud your plaintiff and did not place any of said property or repurchase same in the joint name or in the name of your plaintiff nor protect him for the monies he advanced by way of mortgage or other securities; that said Lena Dean Safford knew full well that your plaintiff trusted her and was completely illiterate and she took advantage of said trust and illiteracy and it was not until the death of said Lena Dean Safford and the appointment of an executor that your plaintiff learned that he was not the owner of all the aforesaid described property."

The amended bill alleged that Willie Safford advanced or supplied the money with which Lena Dean Safford acquired real estate and other securities appearing in her name at the time of her death; that her last will and testament made testamentary disposition not only of all of her property interest, but the property interest of Willie Safford; that because of the fraud, connivance, deceit and inequitable conduct on the part of Lena Dean Safford she deprived the appellant of the property owned by him and attempted by the terms of her will to pass title thereto to her relatives and close friends and forever deprive the appellant of the ownership thereof. Other pertinent allegations appear in the amended bill of complaint but a further recitation thereof is unnecessary for the purpose of ruling on this controversy.

Attached to the amended bill of complaint is a copy of the last will and testament of Lena Dean Safford and by appropri-

ate words made a part thereof. Item 2 thereof purports to convey to Ruth Glenn Lot 16 of Block 11 of North Lauderdale, with described personal property. Item 3 devises described property to Willie Safford. Item 4 bequeaths to Willie Safford the residue, if any, of an insurance policy after first paying costs of her sickness and burial. Item 6 devises to testatrix's niece, Bena Louise Benjamen, and nephew, Nathan Benjamen, III, of Altoona, Pennsylvania, share and share alike, the residue of her real estate located at either Fort Lauderdale, Hallandale, or Jacksonville, Florida.

The prayer of the amended bill of complaint is for (1) an accounting; (2) an injunction or restraining order; (3) that all the described property be impressed with a trust decree or such an equitable lien as will fully protect the appellant; (4) that a sale or incumbrance of the property by the defendants be restrained; (5) that the claims of the devisees under the will be decreed subordinate to the rights and interest of the appellant; (6) that such orders and decrees be made and entered in the premises as shall be according to law and equity.

The executor, A. T. McCaskill, and Carrie H. Haines, Ruth Glenn, Bessie Franklin, Benda Louise Benjamen and Nathan Benjamen, III, the defendant, filed separate motions to dismiss, and a ground thereof was "that there is no equity in the amended bill of complaint." The trial court sustained or granted the motions and thereby dismissed the amended bill of complaint and plaintiff appealed.

It therefore affirmatively appears on this record that the sole and only question presented for adjudication by this Court is whether or not the amended bill of complaint as dismissed by the lower court contains equity. It is well established law in this jurisdiction that the burden and responsibility rests upon a plaintiff to allege and set out in his bill of complaint every fact clearly and definitely that is necessary to entitle him to the relief sought and if he fails or omits essential facts therefrom, he must suffer the consequences of his so doing. See Vaughn v. Stewart, 140 Fla. 88, 191 So. 693. Likewise the method of testing the legal sufficiency of a bill of complaint is by motion to dismiss.

The case of Flanagan v. Herrett, 130 Fla. 531, 178 So. 147,

involved the factual situation viz: Flanagan obtained a divorce from his wife and thereafter married Monica Fairchild Herrett, a widow having a son by a previous marriage. Flanagan supplied the money and bought a home for $2,750.00 and took title by warranty deed in his wife, Monica Fairchild Flanagan, and the family resided there until the death of the grantee. The wife had no money or property when accepting title to the home. The husband, Flanagan, after the death of his wife, Monica Fairchild Flanagan, brought a bill in equity against his stepson to impress a trust in Flanagan's favor upon the home purchased by him and the legal title accepted in his wife's name. The lower court on final hearing dismissed the bill of complaint and upon appeal here was affirmed. The rule enunciated in the Flanagan case has been reaffirmed by this Court on the theory that it is the legal duty of a husband to support his wife, and hence the presumption of a husband discharging his duty when the legal title to the home is placed in her name. See Gillette v. Gillette, 156 Fla. 798, 24 So. (2nd) 363; Smith v. Smith, 143 Fla. 159, 196 So. 409, and similar cases. The facts in the case at bar are easily distinguishable from the facts involved in the cases cited *supra*.

The motion to dismiss admit as true the material allegations of the amended bill to the effect that the appellant was illiterate and not experienced in business transactions; that he had affection for his wife Lena Dean Safford and trusted her; that he placed in her hands his money to invest in real estate and other sound securities; that he authorized her to use her judgment and discretion in the acquisition thereof; that the only limitation on her business activity in the purchase of property or investment of his funds was that the legal title thereto would be taken in the names of Willie Safford and Lena Dean Safford. These funds of the appellant were invested by his wife but the appellant's name was by her omitted from the title to the lands and other securities so purchased; that the title to appellant's property will pass under the terms of the last will and testament of Lena Dean Safford to her relatives and friends if equitable relief is not granted.

A court of equity will intervene to protect those standing in a confidential or fiduciary relation when the relation is established and such an influence has been abused. This doctrine is of wide application; it is extended to trustees, executors and administrators, directors of corporations, guardians, committees of lunatics, agents using moneys of principals, partnerships, husbands purchasing property with money belonging to the separate estate of their wives, parents and children, and all persons who stand in a fiduciary relation toward others. See Pomeroy's Equity Jurisprudence, Vol. 4 (5th Ed.) 102-108, par. 1048.

One of the footnotes at page 107 *supra* cites our case of Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173. The rule enunciated by this Court in the Phipps case has been reaffirmed by us on many occasions. See Grantham v. Brightwell, 96 Fla. 366, 117 So. 885; Fulton v. Clewiston, Limited, 100 Fla. 257, 129 So. 773; Willis v. Fowler, 102 Fla. 35, 136 So. 358; McGarthy v. Palmer, 110 Fla. 443, 148 So. 867; Walker v. Landress, 111 Fla. 356, 149 So. 545; Fisher v. Grady, 131 Fla. 1, 178 So. 852; Seestedt v. Southern Laundry, Inc., 149 Fla. 402, 5 So. (2nd) 859; Van Woy v. Willis, 153 Fla. 189, 14 So. (2nd) 185; 36 C.J.S. 743-746.

The learned Chancellor below in an order granting or sustaining the motions to dismiss the bill of complaint, but in the same order granting additional time in which to file an amended bill, cited and placed therein our holding in the case of Womack v. The Madison Drug Co., 155 Fla. 335, 20 So. (2nd) 256. This authority is cited, with similar cases, in the briefs of counsel for the appellees. We have carefully studied and analyzed the cited authorities which are relied upon to sustain the order of dismissal, but we are unable to agree to the contention of counsel or their construction or interpretation of our previous holdings. In light of the controlling or applicable authorities, the conclusion is inescapable, that the amended bill of complaint contains equity and the lower court erred in entering an order dismissing the same.

The order of dismissal appealed from is therefore reversed with directions for the entry of an appropriate order requiring answers to be filed by the defendants to the amended bill

of complaint and for further proceedings therein not inconsistent with the views herein expressed. It is so ordered.

TERRELL, BUFORD and ADAMS, JJ., concur.

