ROBERTS, Justice.
We here review on appeal a decree entered in a suit for divorce filed by the appellant husband against the appellee wife. Insofar as here pertinent, the facts are that the husband’s complaint sought a divorce on the grounds of extreme cruelty and habitual indulgence in a violent and ungovernable temper and also prayed for modification of the support provisions ($125 per week) of a New York judgment of separation from bed and board entered in an action brought by the wife against the husband. The wife answered, denying the allegations of the complaint and pleading res judicata on the basis of the New York judgment. By counterclaim she also prayed that the court “give full faith and credit to the New York decree in all particulars, including the granting of permanent alimony to the defendant from the plaintiff in the amount of One Hundred Twenty Five ($125.00) Dollars per week; and will direct the defendant to pay to the plaintiff forthwith all arrearages” under the New York judgment.
The Chancellor heard the evidence of the parties and entered the decree here reviewed. His decree dismissed the husband’s complaint with prejudice on the ground of “estoppel by judgment” by virtue of the New York judgment, and on the additional ground “that the plaintiff failed to sustain the material allegations of his complaint by a preponderance of the evidence.” The wife’s counterclaim was denied “without prejudice”.
On this appeal, the husband contends, among others, that the Chancellor erred in dismissing his suit on the ground of estop- *613 pel by judgment since this defense was neither pleaded nor proved, and that the Chancellor’s finding as to the husband’s evidence, quoted above, was erroneous. The wife complains of the denial of her counterclaim.
The husband’s contention as to the propriety of the Chancellor’s ruling with respect to estoppel by judgment must be sustained. In Gordon v. Gordon, Fla.1952, 59 So.2d 40, 45, this court, speaking through Mr. Justice Hobson, said:
“The test with reference to res ad-judicata or estoppel by judgment is, and should be, whether the evidence in both cases is in essence the same albeit under estoppel by judgment it must be determined that ‘every point amd question’ presented in the second action was actually litigated and decided in the first.” (Emphasis added.)
Moreover, it was noted in that case that the rule has an “extension or modification” in that, even where the evidence in both cases is essentially the same, the defenses of res judicata and estoppel by judgment may not be appropriate if the degree of proof necessary to entitle a litigant to the relief sought in the former action is greater than the degree of proof required to establish the right to the relief sought in the subsequent action.
Here, the record contains copies of a portion — not all — of the New York proceedings, the authenticity of which is admitted by the husband. As shown therein, the wife predicated her New York suit for separation from bed and board on the statutory grounds of (1) cruel and inhuman treatment, (2) failure to provide for her maintenance and support, and (3) abandonment. § 1161, New York Civil Practice Act. The husband countered with an answer denying the allegations of her complaint, alleging various acts of misconduct on her part, and counterclaiming for a decree of separation in his favor on the ground of the wife’s cruel and inhuman treatment of him. It might be noted that § 1163 of the New York Civil Practice Act provides that “The defendant in an action for separation from bed and board may set up, in justification, the misconduct of the plaintiff; and if that defence is established to the satisfaction of the court, the defendant is entitled to judgment.”
The wife then applied in the New York proceedings for temporary alimony, suit money and attorney’s fee. On the basis of ex parte affidavits filed by each party, without argument, the trial judge awarded her $100 per week as temporary support and an attorney’s fee. This order was dated September 10, 1954. A final hearing was held on May 2, 1955, before another trial judge. At that hearing, the wife testified, in effect, only that the husband had left the marital domicile in July of 1954 and had not returned except to pick up his personal belongings. The wife identified and placed in evidence a letter from the husband to the wife, dated September 24, 1954, a letter from his attorneys of the same date, and an “agreement between the parties and a stipulation between the attorneys for the parties, dated November 2, 1954.” None of these papers is in the record here. At the conclusion of the wife’s testimony her attorney advised the court as follows: “At this time, your Honor, I do not further pursue evidence to substantiate the plaintiff’s com-, plaint because I have been informed by. my adversary that the defendant does not intend to contest the action for separation, and we have agreed that the plaintiff will accept and the defendant will pay-in a final decree $125.00 a week.towards the maintenance of the plaiptiff. That is all.” The trial judge then said: “Judgment is directed in favor of the plaintiff for separation on the ground of abandonment. Alimony is fixed in the sum of $125.00 a week * *
In these circumstances it cannot be said that the “points and questions” presented in the instant suit for divorce were “actually litigated and decided” in the New York proceeding. Gordon v. Gordon, su *614 pra. The fact that the ex parte affidavits of the parties, containing, among others, their respective versions of the allegedly “cruel and inhuman treatment” charged against the other, were considered by a trial judge as a predicate for his award of temporary support to the wife is immaterial here, since it affirmatively appears that there was no actual trial of these charges nor any adjudication thereof. Moreover, in order to sustain a charge of “cruel and inhuman treatment” under § 1161 of the New York statute as a ground for separation from bed and board, there must be proof of either actual violence committed with danger to life, limb or health, or a reasonable apprehension of such violence. See Marino v. Marino, Sup. 1955, 145 N.Y.S.Zd 571, and authorities cited. No cases need be cited in support of the proposition that this is a far greater degree of proof than is required to support a charge of “extreme cruelty” or “ungovernable temper” under the Florida divorce statute. § 65.04, Fla.Stat.1957, F.S. A.
It is true that the trial judge stated in his opinion filed in the New York proceedings (but not in the judgment of separation itself) that the husband abandoned the wife “without provocation” on her part. But the New York statute, § 1161, supra, states as a ground for separation “the abandonment of the plaintiff by the defendant”, not “the abandonment of the plaintiff by the defendant without provocation.” Apparently, the wife’s misconduct is a defense that must be pleaded and proved by the husband under § 1163, supra, and it affirmatively appears from the record here that the husband withdrew his defense to the wife’s action and that no evidence was adduced at the trial as to the wife’s misconduct. Thus, the only “point and question” actually litigated and decided at the trial was that the husband abandoned the wife. Even if it be assumed arguendo that § 1161, supra, •should be interpreted to mean “abandonment without provocation” 'as a ground for a separation judgment, the question is concluded by the decision of this court in Horn v. Horn, Fla. 1956, 85 So.2d 860, 861. There, a New York judgment of separation from bed and board in favor of the husband on the ground of abandonment was pleaded as a defense to the wife’s suit for divorce in Florida on the grounds of extreme cruelty and habitual intemperance. In holding that the wife’s suit was not barred, this court said that “where one spouse brings separate maintenance proceedings on the ground of abandonment, the judgment secured is not res judicata or estoppel as to Florida divorce proceedings by the other spouse on grounds of alleged habitual intemperance or extreme cruelty since the actions are entirely different.”
We have also considered the question of whether the Chancellor erred in finding that the husband “failed to sustain the material allegations of his complaint by a preponderance of the evidence.” As background, it might be noted that the parties lived together a little over three years after their marriage, which took place just ten days after the wife was divorced from her former husband. She has two sons by her former marriage and is drawing $4,000 per year for their support from their father. The husband has a daughter who was adopted during his former marriage prior to the death of his then wife.
No useful purpose would be served in relating the various accusations that each spouse made against the other. Suffice it to say that the parties gave conflicting versions of various physical altercations between them during their marriage; and the wife categorically denied, in answer to leading questions by her attorney, that she ever physically assaulted her husband except in her own defense, or that she cursed and berated him and called him obscene names, or that she nagged and harassed him for household money. She did not, however, explain or deny *615 other testimony of the husband in support of his charges of extreme cruelty and ungovernable temper on the part of the wife, such as calling the attorney of a client of her husband’s and making disparaging remarks about the husband to his great embarrassment, or becoming enraged if he differed with her opinion in any matter, or making disparaging remarks about him to his daughter. Some of the altercations testified to by the parties were witnessed by their housekeeper who (although perhaps not a completely unbiased witness) corroborated the husband’s testimony.
There can be no doubt that the family life of the parties was replete with marital and familial discord almost from the beginning. This is quite clearly another situation in which the marriage must be characterized as a “hopeless failure”, as in McGee v. McGee, 149 Fla. 31, 5 So.2d 49, in which this court said that “This couple can never sail the matrimonial sea, except in storm, tempest, fog and misery. They can only wound and never comfort one another.”
An analysis of the evidence reveals that the wife’s testimony contradicted that of the husband in some but not all material respects. It should also be noted that the wife’s testimony was completely uncorroborated, while that of the husband was supported by the housekeeper. When divorced from the atmosphere of “estoppel by judgment,” which seems to have pervaded the hearing below, it is our view that there was sufficient evidence to support a decree in the husband’s favor; and it must therefore be held that the Chancellor erred in denying to the husband a divorce.
This conclusion makes it unnecessary to dispose of the other questions here argued by the parties.
For the reasons stated, the decree here reviewed is reversed and the cause remanded for further proceedings not inconsistent herewith, including specifically disposing of the question of whatever financial interest or benefits, if any, the wife may have in the premises.
It is so ordered.
TERRELL, C. J., and THOMAS and HOBSON, JJ., concur.
DREW, J., dissents.