159 So.2d 241 (1964)
Rose KATZ, Appellant,
v.
Ira G. KATZ, Appellee.
Ira G. Katz, Appellant,
v.
Rose Katz, Appellee.
Nos. 63-292, 63-326.
District Court of Appeal of Florida. Third District.
January 10, 1964.
Rehearing Denied January 27, 1964.
Anderson & Nadeau, Fowler, White, Gillen, Humkey & Trenam and Harold L. Ward, Miami, for Rose Katz.
Milton M. Ferrell, Paul A. Louis and Bertha Claire Lee, Miami, for Ira G. Katz.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
This appeal involves the correctness of a final decree of divorce. The wife has taken an appeal from the decree and urges that the chancellor erred in granting her husband a divorce, both in the finding of residence and grounds for divorce; that he awarded inadequate alimony and in failing to sustain her defenses of laches and res adjudicata. The husband has appealed and contends that the chancellor erred in the awarding of alimony and attorney's fees. The appeals were consolidated for determination.
*242 From a review of the record in this case, it is apparent that the chancellor spent considerable time and effort in determining this cause and in reviewing the testimony and evidence presented to him, much of which was in direct conflict. The final decree arrived in this court with a presumption of correctness. See: Picchi v. Picchi, Fla. 1958, 100 So.2d 627; Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588. It was incumbent upon the parties urging error to demonstrate same. See: Vaughn v. Stewart, 140 Fla. 88, 191 So. 693; Lynch v. Coppola, Fla.App. 1961, 129 So.2d 183. No error is found in the chancellor's finding that the husband was a resident of Florida and granting him a final decree of divorce and in rejecting the defenses of condonation and laches. The evidence was in direct conflict as to the reasonableness of attorney's fees and there was substantial, competent evidence before the chancellor to support the award which he rendered, and same will not be destroyed in the face of such evidence. See: Lewis v. Lewis, Fla. App. 1958, 104 So.2d 597; Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137. The chancellor had the power to award lump sum alimony in his discretion. See: Rubinow v. Rubinow, Fla. 1949, 40 So.2d 561; Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230; § 65.08, Fla. Stat., F.S.A. The fact that he made the lump sum payable over a period of time is not error. See: Schuberth v. Schuberth, Fla. 1951, 52 So.2d 332; Pross v. Pross, Fla. 1954, 72 So.2d 671; 10 Fla.Jur., Divorce, § 164. Neither was it error to require the husband to secure the lump sum award to the wife. See: § 65.08, Fla. Stat., F.S.A., 10 Fla.Jur., Divorce, § 235.
At the time of oral argument on the reversal of the final decree in this case, the principal contention urged was the res adjudicata of the previous domestic litigation in the State of New York, which resulted in a decree of separation being entered on behalf of the wife. In view of the decision of the Supreme Court of Florida in the case of Berman v. Berman, Fla. 1958, 103 So.2d 611, it is apparent that the chancellor was correct in failing to sustain the affirmative defense of res adjudicata. The facts in the instant case were almost identical to those related in Berman v. Berman, supra.
In this cause, the wife filed a complaint for separation; the husband answered and filed a counterclaim seeking a separation, urging extreme cruelty. Thereafter, it can be reasonably inferred from the record [because of activities of counsel for the wife] that the husband sought a settlement of their domestic litigation, which was accomplished, and the wife filed an amended complaint. The husband withdrew his original counterclaim, filed an answer to the amended complaint, and the New York judge entered a decree of separate maintenance providing for weekly payments to the wife totalling $18,000.00 a year, which payments the wife accepted at all times. This decree was entered upon proofs.
The only apparent difference between the Berman v. Berman case, supra, and the instant case is that one was submitted on affidavits and the other on proofs. In the Berman v. Berman case, supra, the Supreme Court held that the actions in New York were not res adjudicata as to the action in Florida by the husband. In the instant case, it appears that the decision in Berman v. Berman, supra, should control and that the husband's action for divorce in Florida should not be barred by the previous New York litigation. As to the defense of condonation, this is a question of fact. See: North v. Ringling, 149 Fla. 739, 7 So.2d 476; Seiferth v. Seiferth, Fla.App. 1961, 132 So.2d 471. There was conflicting evidence on this issue; the chancellor resolved these conflicts in favor of the husband. This determination is adequately supported in the record. Therefore, both parties having failed to make error appear in the chancellor's final decree, same is hereby affirmed.
Affirmed.