BASKIN, Judge.
Frank Arwood appeals an adverse final summary judgment entered in his action seeking a declaratory judgment. We affirm.
Upon consideration of the evidence and pleadings, the trial court prepared findings of fact and conclusions of law:
Decedent, Vaughn Dee Mitchell Robinson a/k/a Vaughn Dee Mitchell Arwood, cohabited with Plaintiff, Frank Arwood, for many years in the State of Florida, without benefit of matrimony. During the course of their relationship, the subject real property, whose title was taken originally in the name of “Frank Arwood and Vaughn Arwood, his wife”, was transferred by them to “Vaughn Ar-wood”, the decedent. In addition, various sums of money were deposited in bank accounts in the name of Decedent. Plaintiff filed a claim against Decedent’s probate estate, claiming that the real property, funds in the bank, and other assets in Decedent’s name, were his sole property, and that title to the same had been placed in Decedent’s name for his convenience. The estate rejected the claim; this suit followed.
Plaintiff alleges that he is entitled to the relief sought under the alternative theories of constructive trust or resulting trust. This Court finds that the Plaintiff cannot prevail under either theory. There can be no constructive trust, as a constructive trust requires fraud, misbehavior, or mistake. From the record before me, I find none.
*1252 Similarly, Plaintiff cannot show the necessary elements of a resulting trust. A very strong presumption exists in favor of the correctness of the recitations in the subject deed; an even stronger presumption exists in favor of a determination that the money and real estate in question were transferred to Decedent as gifts. See: Safford v. McCaskill, 157 Fla. 133, 25 So.2d 210 (Fla.1946); see also: Williams v. Bullington, 159 Fla.618, 32 So.2d 273 (Fla.1947). I find that the subject transfers to Decedent were gifts, and thus, not subject to the imposition of any form of remedial trust.
Finally, in light of the foregoing, Defendant has agreed in open court to the dismissal of her counterclaim without prejudice. Accordingly, the Court being otherwise fully advised in the premises, it is hereby
ORDERED and ADJUDGED that:
(a) Summary final judgment be, and the same is hereby entered in favor of Defendant and against the Plaintiff; Plaintiff's request for the imposition of a constructive trust and/or a resulting trust upon real estate located at 1526 N.E. 31st Street, Miami, whose legal description is:
“Lot 7, and the East 20' of Lot 6, and the West 20' of Lot 8, in Block 4, of ALLAPATTAH PARK, according to the Plat thereof, as recorded in Plat Book 6, at Page 64½, of the Public Records of Dade County, Florida”
as well as Florida Alliance National Bank account number 0100234966-06 and Southeast Bank, N.A. account number 081-297871, is denied.
(b) The aforementioned property was solely in the name of Decedent, and at the time of her death, the same passed into Decedent’s probate estate, free and clear of any claims of the Plaintiff.
(c)Defendant’s counterclaim is dismissed without prejudice.
We agree with the trial court that the evidence does not support the imposition of either a constructive or resulting trust and that the transfers constituted gifts. Abreu v. Amaro, 534 So.2d 771 (Fla. 3d DCA 1988); Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), review denied, 407 So.2d 1103 (Fla.1981). In the absence of a genuine issue of material fact,[1] summary judgment is appropriate. Moore v. Morris, 475 So.2d 666 (Fla.1985). As a matter of law, Frank Arwood is entitled to neither the real property nor the bank accounts held by the decedent’s estate.
Affirmed.
LEVY, J., concurs.

. We disagree with the conclusion in the dissent that summary judgment is inappropriate. The record clearly demonstrates that the deceased had a regular source of income and sole control over the bank accounts in question; Frank Ar-wood also maintained bank accounts solely in his name; and Frank Arwood freely transferred his interest in the home to the decedent. Consequently, no genuine issue exists.