562 So.2d 852 (1990)
Gene STEVENS, Appellant,
v.
Robbyn MUSE, Appellee.
No. 89-2405.
District Court of Appeal of Florida, Fourth District.
June 20, 1990.
Mark Perlman of Perlman & Perlow, P.A., Hallandale, for appellant.
Robbyn Muse, Coral Springs, pro se.
GARRETT, Judge.
We treat this appeal as a petition for writ of certiorari. The circuit court sitting in its appellate capacity affirmed the trial court's final judgment.
The parties lived together, but not as husband and wife. She sued him for the return of certain property. He countersued for the proceeds of an insurance claim and the repayment of a loan.
He had agreed to co-sign a note and pledge a certificate of deposit so she could buy a car. She had agreed to transfer the title to his name and return the car to him. The car was totally destroyed in an accident and she kept the insurance proceeds. He also loaned her money which she agreed to pay back.
The county court judge found because the parties lived together the agreements were "unenforceable as violative of the public policy of the State of Florida in that said agreements were in consideration of *853 immoral acts." On appeal the circuit court merely affirmed the final judgment (we assume for the reasons expressed by the trial court).
We must determine whether the circuit court's affirmance departed from the essential requirements of law. See Coral Springs Roofing Company, Inc. v. Campagna, 528 So.2d 557 (Fla. 4th DCA 1988). We find that the circuit court did so depart when it failed to follow the law as expressed by this court in Poe v. Estate of Levy, 411 So.2d 253, 256 (Fla. 4th DCA 1982) (citations omitted):
Apparently the trial judge felt the core of each cause of action alleged was the unlawful, meretricious relationship which [the parties] shared and, as a consequence, any agreement, express or implied, which arose therefrom was unenforceable. The general rule is that if the consideration for an agreement is illicit sexual intercourse the agreement is unenforceable. However, if the consideration for the agreement is not sexual intercourse then the mere fact the parties are not married should not ipso facto preclude the parties from contracting according to law. Thus it appears to us that a cause of action based on an express contract ... is enforceable regardless of the fact that the parties may be cohabiting illicitly as long as it is clear there was valid, lawful consideration separate and apart from any express or implied agreement, regarding sexual relations.
The co-signing of the note, the pledging of the certificate of deposit and the promise to repay the loan all constituted valid and lawful consideration separate and apart from any express or implied agreement regarding sexual relations.
Accordingly, we grant the writ of certiorari, quash the circuit court's opinion and remand to the trial court for further proceedings consistent with this opinion.
ANSTEAD and STONE, JJ., concur.