673 So.2d 903 (1996)
Cynthia Janine CROSSEN, Appellant,
v.
Randy M. FELDMAN, Appellee.
No. 95-01774.
District Court of Appeal of Florida, Second District.
May 8, 1996.
Joseph C. Hood, Tampa, for Appellant.
David J. Pettinato of Law Offices of Ronald S. Reed, P.A., Tampa, for Appellee.
PATTERSON, Judge.
Cynthia Crossen appeals from the trial court's order which dismisses count two of her counterclaim. We reverse.
This case began when Randy Feldman filed a complaint for declaratory relief seeking to be declared the father of Crossen's unborn child. Crossen brought a two-count counterclaim. Count one is an action for paternity pursuant to chapter 742, Florida Statutes (1993). Count two sought to enforce an oral contract between the parties that Feldman would support Crossen during her pregnancy and for a reasonable time thereafter in return for Crossen quitting her job during her pregnancy. Crossen in fact quit her job and thereafter Feldman refused to provide support because Crossen terminated their engagement to marry. Feldman answered the counterclaim and asserted as affirmative defenses the statute of frauds and that the claim was one for "palimony," which is not a recognized cause of action in this state. The trial court agreed with Feldman's "palimony" defense and dismissed count two without leave to amend.
Without attempting to define what may or may not be "palimony," this case simply involves whether these parties entered into a contract for support, which is something that they are legally capable of doing. See Stevens v. Muse, 562 So.2d 852 (Fla. 4th DCA 1990); Poe v. Estate of Levy, 411 So.2d 253 (Fla. 4th DCA 1982). It was therefore error to dismiss count II of the counterclaim. Although argued by the parties, the issue of the statute of frauds is not properly before us because the trial court did not rule on it.
Reversed and remanded with instructions to reinstate count two of the counterclaim.
RYDER, A.C.J., and FULMER, J., concur.