798 So.2d 864 (2001)
Larry Brandt DIETRICH, Appellant,
v.
Toni Alesia WINTERS, Appellee.
No. 4D00-1091.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
Robert H. Springer of Springer & Springer, Palm Springs, for appellant.
Michael Dubiner and Mark Wilensky of Dubiner & Wilensky, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Larry Dietrich, appeals from a final judgment entered pursuant to a Petition for Shared Parental Responsibility. We affirm in part and reverse in part.
The parties lived together for approximately five years and had a child together. During the relationship, both parties were employed and contributed financially to the household and to the support of their child. The relationship terminated and appellee and the child moved out of the home they had shared. Appellant filed a petition for shared parental responsibility. Appellee answered the petition and counter petitioned for custody. The case went *865 to mediation, but the parties failed to reach an agreement. Following numerous motions filed by both parties, including requests for social investigations and agreements concerning child support, the trial court entered an order granting appellant's motion for temporary relief. The order awarded temporary primary residential custody to appellant with a visitation provision for appellee. It further directed appellee to pay appellant temporary weekly child support. The parties were ordered to share parental responsibility.
Appellee subsequently amended her counter-petition for custody, and included a prayer for partition of personal property acquired during the relationship. Appellee also filed an amendment to her amended counter-petition for custody in which she prayed for partition of a piece of land purchased with joint funds, but titled exclusively in appellant's name. The trial court conducted a full evidentiary hearing during which numerous witnesses testified for both parties. In its final judgment, the trial court awarded primary residential custody of the parties' minor child to appellee and ordered appellant to pay appellee's attorney's fees. The court also ordered partition of the real property that the parties purchased during their five-year relationship.
We hold that the trial court did not abuse its discretion when it awarded primary residential custody to appellee. The record shows that the trial court carefully examined the factors set forth in section 61.13(2)(b), Florida Statutes (1999), before making its decision, and its findings are supported by competent substantial evidence. This court will uphold a determination of primary residential custody "unless the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
We also hold that the trial court did not abuse its discretion when it awarded attorney's fees to appellee. The parties were not married and this was in the nature of a paternity/child custody action. See, e.g., Marino & Goodman v. Chapman, 561 So.2d 1318 (Fla. 4th DCA 1990); Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984). The record supports the trial court's finding that appellee established her need for attorney's fees and appellant's corresponding ability to pay.
Appellant's final point on appeal is that the trial court erred when it ordered partition and sale of the land purchased by the parties while they were living together. We agree.
Appellee testified that the parties acquired the land with the intention to build a home and live there together with their child. According to appellee, she helped to select the property and, since she was working full-time at that time, she contributed monies toward its purchase. However, title to the property was not placed in her name and she had no written agreement or other written proof of her contributions. In its final judgment, the trial court stated:
The evidence does show that the Mother contributed substantially to the purchase of and payments of said property while the parties lived together. The parties also agreed that they would build a jointly owned residence on the property. The Mother contributed all her savings, her car, and her income to the relationship, some of which went into the Jupiter Farms property. Although, the Court has recognized that the parties did keep separate checking accounts, the Court notes that the testimony of the *866 Mother was that her account was opened in order to be paid through her employer which required the opening of that checking account. Thereafter the money was written from that account and was commingled into the household bill paying accounts. The Court believes that the Mother should be able to recover her investment in said property either through partition or some other means. See Stevens v. Muse, 562 So.2d 852 (Fla. 4th DCA 1990); Crossen v. Feldman, 673 So.2d 903 (Fla. 2d DCA 1996); and Posik v. Layton, 695 So.2d 759 (Fla. 5th DCA 1997). This Court orders partition of said real property. Said property shall be sold by private sale within six (6) months of the date of this Order by private sale, either party may come before this Court for a public sale of said property. Each party shall receive 50 percent of the proceeds of the sale after all costs and fees are deducted from the gross sale receipts.
In order to maintain a complaint for partition, the plaintiff must show title or a right to partition. See Rountree v. Rountree, 101 So.2d 43 (Fla.1958). Where title is not established in the plaintiff, partition is not available even if the plaintiff might have an equitable interest in the land. Id. at 44. Thus, we hold that the trial court erred when it ordered the partition of the land in Jupiter Farms, because appellee failed to establish title in the property.
Appellee is not without a remedy, however. Agreements between unmarried parties may be enforced provided there is valid and lawful consideration apart from any express or implied agreement regarding sexual relations. See Stevens v. Muse, 562 So.2d 852, 853 (Fla. 4th DCA 1990). In Stevens, this court granted a petition for certiorari and quashed the circuit court's opinion affirming the trial court's decision that an agreement between a cohabiting unmarried couple was unenforceable. See also Poe v. Levy's Estate, 411 So.2d 253, 256 (Fla. 4th DCA 1982) ("a cause of action based on an express contract or for construction of a trust is enforceable regardless of the fact that the parties may be cohabiting illicitly as long as it is clear that there was valid, lawful consideration"). An oral agreement between cohabiting parties, if proved, is enforceable. Crossen v. Feldman, 673 So.2d 903 (Fla. 2d DCA 1996).
In Evans v. Wall, 542 So.2d 1055 (Fla. 3d DCA 1989), Evans filed a complaint for eviction of Wall, his live-in girlfriend of five years. She counterclaimed for imposition of a constructive trust seeking recovery of the value of materials, funds and labor that she provided to enhance his property. The trial court awarded her $8,000 plus costs, and the appellate court upheld the award notwithstanding disputed evidence, because there was evidence in the record to support the award. The court held that the award was supportable as a constructive trust, which may be imposed to do equity between unmarried cohabitants. Id. at 1056. It also held that the award was supportable under an equitable lien theory. Id. at 1057 (citing Johnson v. Craig, 158 Fla. 254, 258, 28 So.2d 696, 699 (1946)); see also Botsikas v. Yarmark, 172 So.2d 277, 279 (Fla. 3d DCA 1965) (order dismissing complaint for interest in properties and profits thereof on theory of a constructive trust was reversed, where appellant alleged that she contributed property and funds for the acquisition of properties allegedly obtained for the decedent's and her own benefit, and title was in decedent's or corporations' names).
In Safford v. McCaskill, 157 Fla. 133, 25 So.2d 210 (1946), appellant filed a complaint against the executor of his deceased *867 wife's estate, after he discovered that his wife had failed to include his name on the titles to several parcels of land that she had purchased between 1939 and 1944 with his money exclusively. Appellant alleged that his deceased wife, "deliberately and with malice," had deceived appellant and had failed to place the lands in joint names, in spite of "a clear and distinct understanding" between the parties that she was to invest the funds in certain real estate or safe securities and place the title and ownership in both names. Thus, if no relief was granted to appellant, title to the lands would pass under the terms of the wife's last will and testament to her relatives and friends. The supreme court held that the trial court erred when it dismissed the complaint, reasoning that:
A court of equity will intervene to protect those standing in a confidential or fiduciary relation when the relation is established and such an influence has been abused. The doctrine is of wide application; it is extended to trustees, executors and administrators, directors of corporations, guardians, committees of lunatics, agents using moneys of principals, partnerships, husbands purchasing property with money belonging to the separate estate of their wives, parents and children, and all persons who stand in a fiduciary relation toward others.
Id. at 139, 25 So.2d 210 (citation omitted). In the present case, the trial court wrote in the final judgment that "the Mother should be able to recover her investment in said property either through partition or some other means." We agree with the trial court that the record supports recovery through means other than partition. As such, we reverse the order of partition and remand for further proceedings consistent with this opinion. The final judgment is affirmed in all other respects.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
POLEN, C.J., DELL and GROSS, JJ., concur.