# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1039
Lower Tribunal No. 17-3145
_____

**William Ford,**
Appellant,

vs.

**In Re: Estate of Beatrice E. Ford,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; O'Connor Law Firm, PLLC, and Sean P. O'Connor, for appellant.

Tables Law Group, P.A. and Ryan Tables (Hollywood), for appellee.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

On Motion for Clarification

FERNANDEZ, J.

We grant Appellant's motion for clarification, withdraw our previous opinion filed August 16, 2023, and replace it with the following opinion.

William "Billy" Ford (hereinafter, "Billy") appeals the probate court's final order denying his Third Amended Motion for Satisfaction of Claim. Upon our review of the case, we reverse the order and remand with instructions to decide the issue of waiver in the first instance.

Beatrice Ford, Billy's mother, (hereinafter, "Beatrice") died on March 21, 2017, and an estate was opened in Miami-Dade County's probate division. This appeal concerns Billy's statement of claim filed in his mother's probate case.

Prior to Beatrice's death and her estate entering probate, Beatrice filed a civil suit against Billy for ejectment from her four real estate properties. Billy filed an answer and affirmative defenses and filed a countersuit against his mother for quiet title or for declaratory relief. By the time Billy filed his counter-complaint, Beatrice had passed away. In Billy's quiet title action, he alleged that he was the sole owner of the properties.

On October 8, 2017, while Billy's quiet title action was still being litigated in the civil division, Billy filed a statement of claim in his mother's probate case claiming: "Decedent[] breach[ed] [her] fiduciary duty, [and committed] conversion, unjust enrichment, civil theft or other causes of action regarding my four (4) real properties that were unlawfully transferred by the Decedent . . . without my knowledge, consent or license." The claim sought the "return of the properties via equitable relief," mirroring the relief that he was seeking through his quiet title action. The personal representative of the estate did not file an objection to Billy's claim. His claim not having been satisfied or settled, Billy filed his Motion for Satisfaction of Claim, which was later amended.

On May 17, 2022, after a hearing on the Third Amended Motion for Satisfaction of Claim, the probate court denied Billy's motion finding:

> 1.     The Court finds that the relief sought by Mr. Ford in his Motion is not a probate claim against the Estate.
> 2.     Mr. Ford's claim is a dispute over the title of real property which has previously been litigated in Circuit Civil Division Case No. 2016-27905 CA 01, that case having been dismissed. This Court makes no finding as to whether such dismissal is on the merits and whether that dismissal resolves the issues presented in that case.

Billy filed a motion for rehearing and for clarification. The estate's personal representative filed a memorandum in opposition. Billy filed this appeal on

June 13, 2022, and the probate court denied Billy's motion for rehearing and clarification thereafter.

We find that the probate court erred in denying Billy's Third Motion for Satisfaction of Claim based on the faulty reasoning of the probate court. We will address the court's findings in reverse order.

The probate court denied the motion as the issues had been previously litigated in Beatrice/the Estate's ejectment suit and in Billy's countersuit for quiet title or for declaratory relief, which the civil division had dismissed for failure to prosecute. However, "[d]ismissal of a cause of action under the provisions of Rule 1.420(e) is not an adjudication on the merits thereof. Such a dismissal, based *solely* upon the absence of record activity, cannot be entered with prejudice." Kohly v. Wallach, 580 So. 2d 880, 881 (Fla. 3d DCA 1991) (emphasis in original). Therefore, because the civil case was not an adjudication on the merits and was dismissed without prejudice, the parties can re-file at a later date and/or in another court. Accordingly, the dismissal did not qualify as a res judicata ruling and did not preclude Billy's probate claim.

Secondarily, the probate court found that the relief sought by Billy was not a probate claim against the estate. The statement of claim provides that Billy sought the "return of the properties via equitable relief." On appeal, Billy

cites to Arwood v. Sloan, 560 So. 2d 1251 (Fla. 3d DCA 1990), for the proposition that probate claims can involve issues of disputed ownership in real property. In Arwood, "Plaintiff filed a claim against Decedent's probate estate, claiming that the real property, funds in the bank, and other assets in Decedent's name, were his sole property, and that title to the same had been placed in Decedent's name for his convenience."[1] Id. at 1251. Billy also cites to Sanchez v. Sanchez De Davila, 547 So. 2d 943 (Fla. 3d DCA 1989), in which the parties claimed injunctive relief to enjoin distribution of funds. Id. at 944. The probate claim involved the question of ownership of approximately $2,000,000.00 held in trust bank accounts. Id. We therefore find that the trial court erred as Billy's claim for equitable relief involving the disputed ownership of the four real properties is not outside the purview of probate claims.

On appeal, the parties discuss whether the estate waived its right to contest the probate claim due to the personal representative not filing an objection to Billy's claim within the statutory time period provided in section 733.705(2), Florida Statutes (2022).[2] Because the probate court did not

---

[1] Arwood did not ultimately prevail because this Court rejected his theory of a constructive trust.

[2] Generally, when the personal representative fails to timely object to a claim, the estate waives any objection, and the probate court cannot interfere by

5

expressly address the issue of waiver in the order on appeal and because we reverse the order based on the court's explicit reasoning, we will not address the issue of waiver. However, on remand, we instruct the probate court to consider the issue of waiver in the first instance.

Reversed and remanded with instructions.

---

determining the validity of the claim. Goggin v. Shanley, 81 So. 2d 728, 729 (Fla. 1955); Rainier v. Calhoun, 510 So. 2d 999, 1000 (Fla. 3d DCA 1987).