172 So.2d 277 (1965)
Josephine BOTSIKAS, a/k/a Josephine Yarmark, Appellant,
v.
Rose YARMARK, individually and as Administratrix of the Estate of Abraham Yarmark, deceased, Ronald W. Yarmark, and Muriel S. Kessler, Appellees.
No. 64-429.
District Court of Appeal of Florida. Third District.
January 12, 1965.
Rehearing Denied March 16, 1965.
*278 James Pilafian, Brigham, Smith & Brigham and Janet Reno, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Paul E. Gifford, Miami, for appellees.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HORTON, Judge.
Plaintiff-appellant brought a bill in equity against the administratrix of decedent's estate, his widow, and heirs at law, praying that the court declare (1) a partnership between appellant and decedent, or (2) the imposition of an involuntary or constructive trust as to certain properties, and an accounting.
In substance, the amended complaint alleges, inter alia, that a confidential relationship existed between appellant and the decedent; that they lived together in the relationship of husband and wife although the deceased had a living undivorced wife; that they entered into a partnership for life to acquire property, etc.; that appellant contributed capital from her own resources and in addition operated, managed and supervised hotel properties acquired by the partnership, all in furtherance of the alleged partnership activity; that certain properties were purchased for the partnership but taken in the name of the deceased only or in the names of certain corporations; and that appellant is entitled to her interest in the properties and profits thereof either as a partner or upon the theory of a constructive trust. The defendant-appellees' motions to dismiss for failure to state a cause of action were sustained, giving rise to this appeal.
Upon a review of the material allegations of the amended complaint, we conclude that they are sufficient to state a cause of action for recovery upon the theory of the existence of a constructive trust. We also conclude that the amended complaint fails to state sufficient facts, which if proven would warrant a court of equity in finding that a legal partnership existed between the appellant and the deceased. Mutual promises to live together *279 in a meretricious or illegal relationship are not sufficient consideration to support an agreement of partnership. It is true the allegations of the amended complaint do not allege such relationship to be the consideration for the agreement; nevertheless no other consideration is alleged. When all the allegations are considered, the conclusion that the illegal relationship was the consideration for the partnership is not an unreasonable one.
The complaint alleges that a confidential relationship existed between appellant and deceased. "[E]very instance in which a confidential or fiduciary relation in fact is shown to exist will be interpreted as such. The relation and duties involved need not be legal; they may be moral, social, domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. The origin of the confidence is immaterial." [Emphasis supplied.] Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 421, 54 A.L.R. 1173. See also Smith v. Smith, Fla. 1959, 108 So.2d 761.
Appellant has alleged that she contributed property and funds for the acquisition of properties allegedly obtained for the benefit of both the deceased and herself, but that title to these properties was in fact placed in the name of the deceased or in corporations. She has further alleged that these contributions were as the result of the confidence placed by her in the deceased, and failure to grant her interest therein would be an abuse of the confidential relationship and amount to unjust enrichment of decedent's estate. The amended complaint requires an answer from appellees. The appellant's proof is required to meet the test laid down in Smith v. Smith, supra. Compensation for services rendered by the appellant during the existence of the meretricious relationship of course would not be recoverable.
Accordingly, the order appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.