SHANNON, Judge.
The appellants, defendants below, appeal from a decree setting aside a real estate conveyance.
The appellee, who was the plaintiff below, is the sole heir at law and devisee of his father, Horace D. Barger, Deceased. Defendants were brother and sister-in-law of the deceased. The complaint sought the rescinding, cancelling and setting aside of a certain purported conveyance of real estate located in Pinellas County, Florida. The grounds of the complaint were: 1) that the purported conveyance was procured by the defendants from said decedent by the exercise of undue influence at a time when the decedent was in a very weakened physical and mental condition and was not possessed of sufficient mental capacity to understand the nature of his actions; 2) that the defendants were maintaining a close fiduciary relationship with said decedent by reason of close family ties, and, using this position, the defendants induced the decedent to execute the said purported conveyance by the exercise of undue influ *254 ence upon said decedent; 3) that there was a total failure of consideration from the defendants to said decedent; and 4) that the purported conveyance was void as a deed because by its terms it did not convey from the grantor to the grantees a present interest in and to the real property involved.
In paragraph six of the complaint the plaintiff offered, upon cancellation of the conveyance, to compensate the defendants for any services they may have rendered to the said decedent, and to restore them to the position they were in immediately prior to the execution of the deed by the decedent.
The chancellor, itpon hearing all the evidence, found the equities to be with the plaintiff and set aside the conveyance. He further found that the value of the defendants’ services to the decedent was $2,729.30; that the defendants had been in possession of the land for 22 months; and that a reasonable rental value owed to the plaintiff for that period was $729.30. He therefore credited the plaintiff with $729.30, and imposed a $2,000.00 lien on the land in favor of the defendants.
We find it unnecessary to explore all the alleged infirmities surrounding the conveyance because, from our examination of the record, we find there to be sufficient competent evidence to support the finding that the decedent, on the date of the conveyance, was mentally incapable of understanding the significance of his actions. While the evidence on this point is in direct conflict, the chancellor, by his finding for the plaintiff, apparently chose to believe the plaintiff’s evidence. The scope of appellate review in such a situation was well described by Judge Carroll writing for the First District in Larsen v. Larsen, Fla.App.1965, 180 So.2d 393, 394:
“In all fairness to both parties in the present appeal, it must be admitted that the evidence adduced by them before the chancellor * * * is susceptible of reasonable inferences that would support a conclusion either way on this issue, depending upon whose testimony the trier of the facts saw fit to accept as credible. Under such circumstances, unless we should find that the chancellor clearly abused his sound judicial discretion, our appellate responsibility is to determine whether there was sufficient substantial and competent evidence before him to support his holding * * * »
Having found sufficient substantial and competent evidence in support of the holding that the equities were with the plaintiff, we affirm the setting aside of the conveyance. There is also testimony in the record to support the finding that defendants’ services to the decedent were worth $2,729.30, and since the plaintiff offered to compensate defendants for such services, this portion of the decree is also affirmed. As to the $729.30 for a reasonable rental value, however, there is no evidence on which this finding is sustainable. The chancellor admitted this in his order, stating in part as follows:
“:|: * * Defendants offer in evidence an itemized statement in the aggregate of $2,729.30. The record discloses the death of Horace H. Barger on August 28, 1962, which means that the defendants have had the exclusive use and enjoyment of these premises for the last past twenty-two (22) months. There is a dearth of evidence as to the reasonable rental value of said premises, but from such evidence as is before the Court as to the physical characteristics of the property and the value thereof, the Court is of the opinion that $729.30 would be a reasonable rental.”
Accordingly, the credit of $729.30, being unsupported by any evidence, was improperly allowed, and that part of the decree which deducts the rental value from the amount due the defendants is reversed. The portion of the decree imposing a $2,000.00 lien on the property in favor of *255 the defendants is modified to impose a lien of $2,729.30. All other provisions of the decree are affirmed.
Affirmed in part and reversed in part.
ALLEN, C. J., and DOWNEY, JAMES C., Associate Judge, concur.