CARROLL, DONALD K. Judge.
The plaintiff in a suit to void a deed of conveyance and a deed of trust executed by an alleged incompetent, has appealed from that portion of a final decree entered by the Circuit Court for Leon County upholding the deed of trust, and the cross-appellants have appealed from that portion thereof voiding the deed of conveyance to them.
The basic question presented for our determination in this appeal is whether, under the evidence presented to him by the parties, the chancellor properly held that the deed of conveyance was void and the deed of trust valid.
In Count I of its complaint the plaintiff, as the guardian of the estate of Maude E. Lomas, an incompetent, sues a rector of a Protestant Episcopal church in Tallahassee, Florida, in the Diocese of Florida, and his wife, seeking to set aside a deed of conveyance to them dated January 8, 1965. The grounds stated for the relief sought are that Mrs. Lomas was incompetent at the time of the execution of the deed, that the rector occupied a confidential relationship with her and the deed was acquired by him through undue influence or fraud, and that, although he was aware of her mental frailties and her lack of intention to convey property to him, he prevailed upon her and obtained the deed through improper methods.
In Count II the plaintiff sues a bank and a bishop as trustees under a trust deed dated January 25, 1965, executed by Mrs. Lomas, whereby the Protestant Episcopal Church in the Diocese of Florida for the use of the rector’s church, became the beneficiary of a trust which contained $103,207.04 in cash and real property; that the rector, acting as the employee, agent, and servant of the Diocese, procured the trust deed from Mrs. Lomas, who was incompetent at the time; and that the rector, the Episcopal Church, and its trustees occupied a confidential relationship with Mrs. Lomas, who had no independent voice concerning the deed and its effect on her property.
In their answers to the foregoing complaint the defendants denied that the two deeds were obtained through undue influence, though admitting the execution of the said instruments. The rector and his wife also denied that Mrs. Lomas was incompetent.
The evidence adduced by the parties before the chancellor shows the following: In January of 1965 Mrs. Lomas was estimated to be 76 years of age, and she was suffering from arteriosclerosis and senile brain disease with severe loss of memory. *253 Over the years her behavior had become more erratic. She had accumulated considerable real property, mainly rental property, and had accumulated a savings account in the trustee bank in the amount of $103,-207.04.
For many years Mrs. Lomas had been a communicant of the Tallahassee church in question. The defendant rector had been the vicar of that church, a mission, for 19 years. As vicar of this church, the rector was directly answerable to the bishop of the Diocese, and his salary and all other incidents of his performance were under the direct control of the bishop.
The rector, as vicar of her church, had over the years given Mrs. Lomas advice in her personal, business, and spiritual affairs, and otherwise exerted an influence upon her decisions with respect to her execution of the two deeds in question.
In his findings of law and facts the chancellor invoked and applied the rule, well-established in Florida, that, where a confidential relationship exists between the donor and the donee, the donee has the burden of proving the absence of undue influence. See 15 Fla.Jur., Gifts, Sec. 23, page 204, and authorities cited therein. The chancellor then found from the evidence before him that a confidential relationship existed between the rector and Mrs. Lomas. Without detailing the voluminous testimony on this question, we think that the said evidence amply supports this finding by the chancellor. Under the said rule, therefore, the donee had the burden of proving the absence of undue influence.
The chancellor also found in his findings of law and facts that, even though Mrs. Lomas was adjudged incompetent by the County Judge’s Court of Leon County about two months after she executed the deeds in question, and the plaintiff was appointed as the guardian of her estate, that the evidence, taken as a whole, failed to establish to the court’s satisfaction that she was lacking in sufficient mental capacity at the time of the execution of the two deeds. While the evidence on this point is in considerable conflict, the said finding of fact by the chancellor is sufficiently supported by the evidence, and so we must accept this finding, since he was the trier of the facts.
Having held that a confidential relationship existed between the rector and Mrs. Lomas, and that therefore the burden of proof, under the above rule, rested upon the donee to prove the lack of undue influence, the chancellor held that this burden was not met. The chancellor, then, however, proceeded to draw different conclusions as to the two deeds, holding to the effect that the deed to the rector and his wife was void hut that the trust deed to the rector’s church was valid.
This difference in the chancellor’s conclusions as to the first deed and the trust deed is the question that concerns us in this appeal.
In justifying this difference in his treatment of the two deeds, the chancellor in his findings explains that that difference in the circumstances are such as to require a different conclusion, such as the fact that the trust deed is not primarily a gift but was very largely for the benefit of the trustor. In any event, he held in his final decree that the trust deed was the free and valid deed of Mrs. Lomas.
While we recognize that there are some differences between the two deeds and the circumstances leading up to their execution, we do not think that these differences add up to different conclusions as to their validity. The donees or beneficiaries of each deed stood to gain considerable money and property — the rector and his wife in the case of the deed of conveyance and the Tallahassee church, the diocese, and perhaps indirectly the rector himself, in the case of the trust deed. As pointed out above, the burden was upon the defendants to prove that no undue influence was exercised to procure the execution of the *254 deeds, but the evidence establishes the contrary. While the rector’s undue influence may have been primarily directed at the deed of conveyance, that influence, as we view it, tainted both transactions. Consequently, we hold that under the evidence both deeds are invalid as procured by undue influence.
In this opinion we do not intend to make any moral judgment concerning the conduct of any party hereto. In the first place, we point out that there was no evidence indicating any overreaching by either trustee under the trust deed and by no party other than the rector himself. As to him, his actions concerning the trust deed may have been actuated primarily by his zeal to benefit the church to which he had dedicated his life. In any event, we are sure that churchmen would be the last to urge that conveyances for the benefit of a church should be exempted from the rule invalidating deeds procured by the undue influence of donees in a confidential relationship to the donors.
For the foregoing reasons we affirm that part of the final decree appealed from invalidating the deed of conveyance and reverse that part upholding the validity of the trust deed.
Affirmed in part and reversed in part.
RAWLS, C. J., and WIGGINTON, J., concur.