PER CURIAM.
This suit was brought by the granddaughters of Susie A. Kelly, deceased. They sought to have set aside purported gifts or transfers made by Mrs. Kelly during her lifetime to the defendants on the ground that the transfers were procured by undue influence and were therefore void.
A fiduciary relationship was found to exist between Mrs. Kelly and defendants, thus creating a presumption of undue influence and placing upon defendants the burden of proving the absolute fairness and voluntary nature of the transfers. 15 Fla. Jur., Gifts, § 23. The trial court further found that defendants failed to carry their burden with clear and convincing evidence that the questioned transfers were free from undue influence. Tallahassee Bank and Trust Company v. Brooks, Fla.App.1967, 200 So.2d 251; Crane v. Stulz, Fla.App.1961, 136 So.2d 238.
It is the duty of the appellate courts to give effect to findings made by the trier of facts if they are supported by substantial competent evidence. Rowland v. McCall, Fla.App.1960, 118 So.2d 846; In re Thompson’s Estate, Fla.1955, 84 So.2d 911; In re Kiggins’ Estate, Fla.1953, 67 So.2d 915. Since the findings of the trial court are amply supported by the record, the final judgment is
Affirmed.
WALDEN, C. J., and McCAIN and REED, JJ., concur.