266 So.2d 185 (1972)
NATIONAL BANK OF MELBOURNE AND TRUST COMPANY as Executors of the Estates of Ralph E. Balch and Bess D. Balch, Deceased, Appellant,
v.
Lael N. BATCHELOR et al., Appellees.
No. 71-451.
District Court of Appeal of Florida, Fourth District.
August 31, 1972.
Rehearings Denied September 26, 1972.
*186 Sam Daniels, Miami, and Ralph Geilich, of Williams, Geilich & Potter, Melbourne, for appellant.
Frank Clark, III, Cocoa Beach, for appellees.
CROSS, Judge.
Appellant-plaintiff, National Bank of Melbourne and Trust Company, as Executor of the Estates of Ralph E. Balch and Bess D. Balch, deceased, appeals a final judgment entered pursuant to a directed verdict in favor of appellees-defendants, Lael N. Batchelor, et al., in an action for conversion. We reverse.
For several years, prior to July 1965, defendant Lael N. Batchelor[1] was a trust officer at the National Bank of Melbourne and Trust Company. Among the trust accounts which defendant "handled" was one created by an elderly couple, decedents Dr. and Mrs. Balch. The relationship between defendant and the Balches gradually ripened into a close friendship. Defendant ran errands for the decedents, often paid household bills, and from time to time took Dr. Balch to doctor's appointments or elsewhere. At one point, Dr. Balch expressed the desire to adopt defendant. In July 1965, defendant resigned her position with the bank, becoming personal secretary to the decedents shortly thereafter.
Mrs. Balch died in late 1966, and Dr. Balch died early in 1967 at the age of 93. During the administration of the estates, it was discovered that substantial assets which had belonged to the decedents, largely stocks, bonds and treasury bills, were in the name and possession of defendant. Plaintiff bank, as executor of the estates, filed the instant action for conversion, seeking to recover the assets to decedent's estates. Defendants answered, denying the allegations of conversion and alleging that the assets in question were bona fide gifts from decedents to defendants.
The trial court entered a pre-trial order, which provided, inter alia:
"That the issue of whether the defendant, Lael N. Batchelor, was in a fiduciary capacity as to the deceased during the time of the alleged conversions, shall be the determinant as to which party bears the burden of proof. It being agreed by the parties that if it be held that said defendant was not a fiduciary, *187 the plaintiff will have the burden of proving a conversion, and if it be held that defendant was a fiduciary, then the defendants will have the burden of establishing the affirmative defense that the transfers were a gift."
At trial, plaintiff adduced evidence that at least the majority of the assets had been deposited into defendant's account at a stock brokerage concern. The stock broker testified that defendant had opened the account, and several memoranda of transactions involving the assets in question were signed by defendant. Bank officials and employees testified as to defendant's duties at the bank, and one employee testified that defendant had obtained several cashier's checks with funds drawn from the decedents' account, which checks were shown to have been subsequently deposited into defendant's account at the stock brokerage firm.
Plaintiff called defendant as an adverse party witness. Defendant testified as to the business and personal relationship between herself and decedents, denying that she was Dr. Balch's "confidante," and testifying that she had never given the decedents any financial advice. Defendant testified that she did not open the account in the stock brokerage firm, had no knowledge of the account at the time, and indeed knew nothing of any of the transfers from Dr. Balch to her until after his death. Defendant stated that she had learned that the transfers had been accomplished between Dr. Balch and defendant's husband. The documents pertaining to the transactions bearing defendant's signature had been given to defendant to sign by her husband, and defendant testified that she had signed them without noting their contents.
At the close of plaintiff's case, the trial court granted defendants' motion for directed verdict, on the grounds that there was insufficient evidence to establish a fiduciary or confidential relationship, and no evidence regarding fraud or undue influence. Final judgment in favor of defendants was entered accordingly. This appeal followed.
The gravamen of plaintiff's complaint was conversion. It would appear at first glance that the judgment appealed should be affirmed on the grounds that the record clearly reflects that no conversion was shown, inasmuch as plaintiff's decedent, Dr. Balch, consented to defendant's possession of the assets in question. Wilson Cypress Co. v. Logan, 1935, 120 Fla. 124, 162 So. 489; 18 Am.Jur.2d, Conversion § 72.
However, the record also reflects that the issue of whether the gifts to defendant should be set aside on the grounds that defendant was in a confidential relationship with Dr. Balch, and that the gifts were the product of undue influence on the part of defendant, was tried by the express or implied consent of the parties. This being so, we are required to treat this issue in all respects as if it had been raised by the pleadings. F.R.C.P. 1.190(b), 30 F.S.A. See also Garrett v. Oak Hall Club, Fla. 1960, 118 So.2d 633; Finley P. Smith, Inc. v. Schectman, Fla.App. 1961, 132 So.2d 460, 465. Therefore, the issue of whether the trial court erred in granting the directed verdict in favor of defendants on the grounds that there was insufficient evidence of a confidential or fiduciary relationship,[2] and no evidence of fraud or undue influence, is properly before us on this appeal.
Florida law is clear that it is error for a trial court to direct a verdict unless there is no evidence, nor any reasonable inference which may be drawn from the evidence, which would support a jury *188 verdict in favor of the party moved against. E.g., Little v. Publix Supermarkets, Fla.App. 1970, 234 So.2d 132. In passing on a motion for a directed verdict the trial court must accept as true all of the evidence and reasonable inferences therefrom which tend to support the position of the party moved against. As a corollary, the trial court must disregard the conflicts in the evidence, or resolve the conflicts in favor of the party moved against. Jones v. Hoffman, Fla.App. 1970, 239 So.2d 76
On appeal, the reviewing court must likewise consider the evidence adduced in the cause in the light most favorable to the party moved against. Hurst v. Krinzman, Fla.App. 1970, 237 So.2d 333.
In the instant case, we have determined that there was evidence adduced favorable to plaintiff. At the time of the transfers, defendant was the trust officer of the bank who handled the Balches' account. This fact does not of itself show that defendant was in a confidential relationship with the deceased, but, along with the other evidence favorable to plaintiff, could support an inference that there was such a relationship.
The evidence clearly showed that Dr. Balch had a very high personal regard for defendant, offering at one time to adopt her. Dr. Balch often entrusted defendant with large sums of money, to be used for gifts to charity, or, in one case, to a relative of the Balches. The decedents allowed defendant to open a checking account in another bank, defendant being named the "co-trustee" of the account. Defendant would often run errands for the Balches, pay household bills, and at times take Dr. Balch to appointments with physicians. In June 1965 Dr. Balch executed a general power of attorney in favor of defendant. Eventually, after the date of the last transfer, defendant resigned her position with the bank and became personal secretary to decedents.
It is our determination that all these facts, taken together, were sufficient to support an inference by the jury that a confidential relationship existed between decedents and defendant at the time of the alleged gifts.[3] Therefore, we are impelled to conclude that the trial court erred in directing a verdict for defendants.
The final judgment in favor of defendants is reversed, and the cause remanded for a new trial.
OWEN, J., and DRIVER, B.J., Associate Judge, concur.
NOTES
[1] Mead W. Batchelor, husband of Lael N. Batchelor, and Stephanie M. Clark are also named as appellees in the instant appeal. Virtually all the evidence pertains only to Mrs. Batchelor's actions, however, and she will be referred to hereinafter as defendant.
[2] For a definition of confidential relationship, see Wilkins v. United Mut. Life Ins., 1939, 141 Fla. 188, 192 So. 791; Quinn v. Phipps, 1927, 93 Fla. 805, 113 So. 419; Botsikas v. Yarmark, Fla.App. 1965, 172 So.2d 277; Whittle v. Ellis, Fla.App. 1960, 122 So.2d 237.
[3] Once a confidential or fiduciary relationship is shown between donor and donee, the burden of proof shifts to the donee to show the absence of undue influence. Adams v. Saunders, 1939, 139 Fla. 730, 191 So. 312; Tallahassee Bank & Trust Co. v. Brooks, Fla.App. 1967, 200 So.2d 251.