OWEN, Chief Judge.
The principal question involved in this case is whether Section 768.041(1), F.S.,[1] applies to an action for conversion. We conclude, as the trial court did, that the statute is not applicable and that the common law rule obtains, i.e., a release or discharge of one or more tort-feasors, excut-ed in satisfaction of the tort, is a discharge of all other tort-feasors who may be liable for the same tort.[2]
This case was previously before the court and is reported as National Bank of Melbourne and Trust Co. v. Batchelor, Fla.App.1972, 266 So.2d 185. After we remanded, appellant was appointed administrator ad litem of the respective estates of Ralph E. Balch and Bess D. Balch, his *651 wife, and in that capacity was substituted as plaintiff and was permitted to file an amended complaint against the appellees. The amended complaint, seeking some $400,000.00 in damages, was in two counts, one for conversion and the other for obtaining property by undue influence, both, however, arising out of the same alleged misconduct on the part of the appellees.
While the cause was thus pending, appellant executed a written release of all claims it might have against the National Bank of Melbourne and Trust Co. (and its bonding company, Aetna Insurance Co.) arising out of any conduct on the part of appellees, Lael N. Batchelor and Mead W. Batchelor, her husband, in connection with the handling, servicing or administration of any and all accounts, assets, securities and trusts belonging to or established by Ralph E. Balch and/or Bess D. Balch, his wife [occurring during the time that the said Lael N. Batchelor was in the course and scope of her employment as a trust officer at the National Bank of Melbourne and Trust Co.]. Upon proof being offered that appellant had executed and delivered such release agreement, the court entered summary judgment for appellees, ruling that the release operated to release and discharge the alleged liability of appellees arising out of the same tort.
Appellant contends that the trial court erred in holding that the release of appellant operated to discharge the liability of appellees because (1) Section 768.-041(1), F.S., was applicable to prevent the release from discharging appellees of their alleged liability, (2) in any event, the release of the bank and its bonding company for liability arising out of conversions allegedly committed by Lael N. Batchelor while in the course and scope of her employment by the bank, would not apply to the separate cause of action against appel-lees for undue influence, (3) the release agreement should properly be construed simply as a covenant not to sue, and (4) the common law rule no longer prevails in Florida since 1957 when the predecessor to present Section 768.041, F.S., was enacted.
Section 768.041(1), F.S., reads as follows :
“(1) A release or covenant not to sue as to one (1) tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.” (E. S.)
If the legislature had intended this statute to abolish the common law rule entirely, then surely it would have omitted as unnecessary the words which we have italicized, and would have had the statute read simply:
“A release or covenant not to sue as to one tort-feasor shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.”
We are satisfied that the words, “for property damage to, personal injury of, or the wrongful death of any person” were placed in the statute as words of limitation, and that the legislature intended for the common law rule to continue to prevail as to all cases not falling within these expressed limitations. Cf., Flowers v. Miskoff, Fla.App.1970, 233 So.2d 201.
 On the foregoing premise, the issue is thus narrowed to the question of whether an action for conversion comes within the category of “property damage to any person”. A persuasive argument could be made that as to the owner of property the loss of the property is the same whether the loss be due to conversion by another or to the property being totally damaged or destroyed by the negligence of another. Yet, the gravamen of the action of conversion is a wrongful deprivation of property *652 of the owner,[3] and the damage to which the owner is entitled arises from the wrongful deprivation of the property, not from some damage to or depreciation of the property. We conclude that a conversion is not “damage to property of any person” within the meaning of Section 768.041 (1), F.S.
As to the remaining contentions we have no difficulty in concluding that the document is a full release — not merely a covenant not to sue — and that it effectively bars both counts of the amended complaint.
The judgment is affirmed. However, our decision does pass upon the following two questions which we conceive to be of great public interest:
1. Does Section 768.041(1) F.S. abolish in toto the common law rule to the effect that the release of one or more tort-feasors operates as a discharge of all other tort-feasors who may be liable for the same tort ?
2. If not, is an action for conversion one which is for “property damage to any person” within the meaning of Section 768.041(1) F.S.?
It is our intention to so certify such questions to the Supreme Court of Florida upon timely request of either party to the cause.
Affirmed.
CROSS, J., concurs.
DOWNEY, J., dissents, with opinion.

. Section 768.041(1), F.S.:
“(1) A release or covenant not to sue as to one (1) tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.”

. Atlantic Coast Line Railroad Co. v. Boone, Fla.1956, 85 So.2d 834, 57 A.L.R.2d 1186.

. Star Fruit Co. v. Eagle Lake Growers, Inc., 1948, 160 Fla. 130, 33 So.2d 858.