321 So.2d 73 (1975)
SUN FIRST NATIONAL BANK OF MELBOURNE, Etc., Petitioner,
v.
Lael N. BATCHELOR, Etc., Respondent.
No. 47101.
Supreme Court of Florida.
October 1, 1975.
Rehearing Denied November 20, 1975.
*74 Sam Daniels, Miami, and Williams, Geilich & Potter, Melbourne, for petitioner.
Frank Clark III, Cocoa Beach, for respondent.
ENGLAND, Justice.
This case is here for review of a decision of the Fourth District Court of Appeal, reported at 308 So.2d 649. The district court has certified two questions of law as involving matters of great public interest. We have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution (1972).
For several years prior to July, 1965, respondent was a trust officer of the National Bank of Melbourne and Trust Co. ("National"). Among the trust accounts she handled was that of a Dr. and Mrs. Balch, now deceased. In July, 1965 respondent resigned her position with National and became a personal secretary to the Balches.
Mrs. Balch died in 1966, and Dr. Balch died in 1967. National was appointed executor of Dr. Balch's estate. During the administration of the estate, it was discovered that substantial assets which had belonged to the decedents were in the name and possession of respondent. National initiated an action of conversion to recover the assets to decedents' estates. The original proceeding resulted in a directed verdict for respondent which, on appeal, was reversed and remanded.[1]
After remand, petitioner ("Sun") was appointed administrator ad litem of the Balches' respective estates. Petitioner was substituted for National in the suit for conversion, after which it amended the complaint to also charge respondent with obtaining the property by undue influence. While the cause was pending, and in exchange for $160,000 from National's bonding company, Sun released all its claims against National arising out of any conduct on the part of respondent. The effect of that release is the subject of controversy here.
The trial court ruled that the release operated to discharge the alleged liability of respondent arising out of the same tort, notwithstanding section 768.041 (1), Fla. Stat. (1973). That statute provides:
"(1) A release or covenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death."
The district court affirmed the trial court and certified to this Court:
"1. Does Section 768.041(1) F.S. abolish in toto the common law rule to the effect that the release of one or more tort-feasors operates as a discharge of all other tort-feasors who may be liable for the same tort?
2. If not, is an action for conversion one which is for `property damage to ... any person' within the meaning of Section 768.041(1) F.S.?"
The first certified question is answered in the affirmative, making it unnecessary to answer the second question.
The statute we are asked to construe was first enacted in 1957. Its purpose was to encourage settlements by abolishing the common law rule that a discharge of one joint tort-feasor will discharge all other tort-feasors.[2] There is no policy reason *75 which we can discern, and there is no legislative intent to which we have been referred, which would warrant the exclusion of actions for conversion, or any other tort, from the scope of this statute.[3] Settlements are facilitated whether the liability of the tort-feasor arises from personal injury, conversion or any other definable form of tortious conduct.
Respondent contends, however, and the district court ruled, that the language of the statute precludes the interpretation we suggest. We disagree. Many years before this statute was enacted, this Court defined the word "damage" to mean "loss, injury or deterioration caused by ... one person to another in respect to his ... property."[4] The use of the word "damage" in the statute should logically be ascribed the same meaning.
The first certified question is answered affirmatively, and the decision below is quashed. The district court is directed to remand the case to the trial court for further proceedings consistent with this opinion.[5]
BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, C.J., concurs with conclusion.
NOTES
[1] National Bank of Melbourne & Trust Co. v. Batchelor, 266 So.2d 185 (4th DCA Fla. App.), cert. denied, 269 So.2d 369 (Fla. 1972).
[2] See Talcott v. Central Bank and Trust Co., 247 So.2d 727 (3d DCA Fla.App. 1971), decision approved, 262 So.2d 658 (Fla. 1972); Daniels, Torts, 14 U.Mia.L.Rev. 602, 629 (1960). Cf. Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966).
[3] A more elaborate discussion of the policy reasons for applying this statute to all forms of torts is set forth in Judge Downey's dissent below. See Fla.App., 308 So.2d at 652-54.
[4] Hanna v. Martin, 49 So.2d 585, 587 (Fla. 1950).
[5] We note that the 1975 Legislature has reaffirmed the policy expressed in Section 768.041(1), Fla. Stat. (1973), by the enactment in Chapter 75-108, Laws of Florida, of a new Section 768.31(5) (a), Fla. Stat. We are not called upon to interpret that provision, and we do not pass upon its meaning or applicability to this proceeding.