PER CURIAM.
Appellant sued appellee in the Circuit Court of Broward County to set aside and cancel a deed to real property and to determine the legal title to certain personal property located in the improvements on said realty. From an adverse final judgment appellant has taken a plenary appeal.
Appellant is the daughter of Judith Omel Simpson, deceased, and appellee is the surviving spouse of said decedent. Shortly before decedent’s demise she executed a deed to her home to herself and her husband, appellee, as tenants by the entirety. After Mrs. Simpson’s death appellant filed this suit to set aside the deed on the grounds of undue influence and lack of mental capacity. Without reciting the evidence, suffice to say that after a full-blown trial the trial judge found in favor of the appellee. We find there is adequate support in the record for that ruling.
The home contained furniture, furnishings and other personal property at the time of Mrs. Simpson’s death. Appellant had prayed for an adjudication of her rights to said property. While no evidence was adduced to prove who owned said personalty, the final judgment held that the property described in the deed “together with all furniture, furnishings, fixtures, appliances and equipment contained therein, are the property of the Defendant herein.” The deed is silent as to the personal property and thus we find no support in the record for the adjudication of title thereto in the appellee.
Accordingly, we affirm the judgment appealed from in all respects except as to the disposition of the personal property. We reverse that feature of the judgment and remand the cause to the trial court with directions to take further testimony in order to determine the proper ownership of said personal property.
*3 AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
LETTS, C. J., DOWNEY, J., and GEIGER, DWIGHT L., Associate Judge, concur.