GLICKSTEIN, Judge.
This is an appeal by the grantor’s personal representative of a final judgment in favor of the grantees in an action originally brought by the grantor to set aside a warranty deed. We affirm and conclude that the evidence supports the trial court’s decision, given the reasonable explanation of the grantee granddaughter to overcome the rebuttable presumption of undue influence. Although each point raised by appellant has not been discussed, each has been given careful consideration.
We take this opportunity to clarify the court’s position on the burden of proof in a deed case and hold that the burden of proof in the case of an inter vivos gift is no different from that in a case involving a will. We adopt the position taken in Jordan v. Noll, 423 So.2d 368 (Fla. 1st DCA 1982). In our view In re Estate of Carpenter, 253 So.2d 697 (Fla.1971), applies to the present case; and the burden of proof did not shift, just the burden of going forward. See In re Estate of Davis, 462 So.2d 12 (Fla. 4th DCA 1984). Accordingly, the footnote in National Bank of Melbourne and Trust Company v. Batchelor, 266 So.2d 185, 188 (Fla. 4th DCA 1972), which traced the pre-Carpenter decision in Tallahassee Bank and Trust Company v. Brooks, 200 So.2d 251 (Fla. 1st DCA 1967), is no longer appropriate, as its source is no longer viable.
ANSTEAD and STONE, JJ., concur.