PER CURIAM.
This is an appeal from a judgment which denied plaintiff’s request to declare a satisfaction of deed of trust null and void. On cross-appeal, defendant challenges the trial court’s order which voided a warranty deed which transferred property to defendant.
The plaintiff, Robert F. Dunn, filed an amended complaint alleging that the defendant, his daughter, Ruth Dunn White, abused her close family relationship with him and by exercise of undue influence caused him to execute certain legal documents on November 3, 1983. These documents were signed by the father at a time when he was age 95 and in ill health, having recently been released from the hospital. The documents consisted of a warranty deed conveying property to his daughter Ruth, a durable power of attorney, last will and testament, and a satisfaction of a deed of trust which cancelled his daughter’s obligation to repay sums due the father for his sale of land to her.
The plaintiff died on February 19, 1985, and his eldest son was substituted as plaintiff. At trial, there was substantial, competent evidence to show that the daughter, Ruth, was in a close relationship with her father and that she actively induced her father to sign the documents in question. The trial judge found that the attorney who had been selected by the daughter explained the effect of the instruments to Robert F. Dunn and that the father understood them. Nevertheless, the court further found that as a result of the confidential relationship and her active procurement, a presumption arose that the instruments were procured by undue influence. In Re Estate of Carpenter, 253 So.2d 697 (Fla.1971).
From the evidence and trial judge’s findings, it is apparent the daughter did not meet the test of Williamson v. Kirby, 379 So.2d 693 (Fla.2d DCA 1980), as she did not offer a reasonable explanation for her active involvement in the execution of these legal instruments. Thus, the trial court correctly declared the warranty deed void. Yet, the court held the satisfaction of the deed of trust to be valid. On this point, we think the trial court erred. Since execution of the deed of trust was part of the same transaction as the deed which was found to be void, the evidence reveals the same undue influence as exercised by the daughter in respect to securing execution of the warranty deed.
We find no error in the other point raised by the plaintiff. We reject the defendant’s cross-appeal as being non-meritorious.
*567 Affirmed in part; reversed in part and remanded with directions to enter judgment in favor of plaintiff.
SCHEB, A.C.J., and HALL and SANDERLIN, JJ., concur.