BLUE, Judge.
Sandra Eaton appeals the denial of her claim for the reasonable value of her work as cook, bartender, waitress, janitor, and sometimes manager of the Porthole, a restaurant and bar owned by Peter Gurry. Eaton and Gurry lived together but were not married during the time she worked at the Porthole. After a non-jury trial, the court determined that the relationship between Eaton and Gurry was “meretricious” and denied recovery. We hold that the court erred by denying compensation solely because the parties were living together at the time the services were rendered.
In reaching its decision, the trial court relied on Botsikas v. Yarmark, 172 So.2d 277 (Fla.3d DCA), cert. dismissed, 179 So.2d 211 (Fla.1965), which states, “Compensation for services rendered by the appellant during the existence of the meretricious relationship of course would not be recoverable.” 172 So.2d at 279. A careful reading of Botsikas leads us to conclude the quoted statement is dicta, in light of its holding that a constructive trust is available as a remedy for a party seeking to recover contributions made during a nonmarital relationship. See also Evans v. Wall, 542 So.2d 1055 (Fla. 3d DCA 1989) (citing Botsikas to support a constructive trust between cohabitating parties as long as the consideration was not related to any agreement regarding sexual relations).
Although this court has not previously decided this issue, we are persuaded that the Fourth District has correctly stated the law. Poe v. Estate of Levy, 411 So.2d 253 (Fla. 4th DCA 1982) (allowing a cause of action based on services rendered between unmarried cohabitants); Stevens v. Muse, 562 So.2d 852 (Fla. 4th DCA 1990) (holding agreements between unmarried cohabitants were not vio-lative of public policy).
Eaton does not appeal, and we do not address, the court’s ruling that she waived her claim for services prior to October 3, 1988. We hold only that the trial court erred in denying claims arising after that date when the denial was based on her relationship with Gurry. Accordingly, we reverse and remand for further consideration in conformance with this opinion.
CAMPBELL, A.C.J., and THREADGILL, J., concur.