ALTENBERND, Judge.
Lee County has filed a petition for certio-rari, which we elect to treat as a motion to review a cost order. See Fla.RApp.P. 9.400(c). We reverse the order to the extent that it requires Lee County, a nonparty to this civil action, to pay for an appellate transcript. The fact that the successful appellant may be indigent is not a basis to require a county to pay for a transcript in an ordinary civil action.
Sandra Eaton sued Peter A. Gurry for monetary damages in the circuit court for the Twentieth Judicial Circuit. The action alleged that Ms. Eaton was entitled to recover the value of her services to Mr. Gurry under quantum meruit. The trial court denied the claim after a nonjury trial. This court reversed that judgment in Eaton v. Gurry, 627 So.2d 1317 (Fla. 2d DCA 1993).
On remand, Ms. Eaton filed a motion in the circuit court seeking taxation of her appellate costs under rule 9.400(a). Without notice to Lee County, the trial court entered an order requiring it to pay for the cost of the transcript on appeal. Lee County filed a motion to vacate this order, which the trial court granted because of the lack of notice. The trial court concluded, however, that it must require Lee County to pay for this transcript because Ms. Eaton was indigent and was entitled to certain services of the court system without charge under section 57.081(1), Florida Statutes (1993). Thus, it entered a new order compelling Lee County to pay $903.80 to the court reporter for the transcript used in the appeal. Lee County seeks review of this order.
Although an indigent person is entitled to receive some services of the court *1127 system without charge, this statutory right has never been interpreted to require a county to pay for a transcript in a typical civil action filed by an indigent person in that county’s circuit court. Section 57.081(1) specifies that an indigent person is entitled to free services from “the courts, sheriffs, and clerks.” No reference in that statute is made to county-subsidized services from the official court reporter, nor is there any reference to free transcripts in Florida Rule of Appellate Procedure 9.430. Further, there is no constitutional right to a free transcript in such an appeal. Smith v. Department of Health & Rehabilitative Servs., 573 So.2d 320 (Fla.1991).
The trial court’s reliance on Daniels v. State, 441 So.2d 186 (Fla. 5th DCA 1983), is misplaced. That ease involves the cost of transcripts for an indigent defendant’s criminal appeal. Such costs incurred by the public defender’s office are governed by statutes and rules that are not applicable to a typical civil case. See § 27.54(3), Fla.Stat. (1993); Fla.R.App.P. 9.140(d); Shuman v. State, 358 So.2d 1333 (Fla.1978).
Reversed and remanded.
THREADGILL, A.C.J., and BLUE, J., concur.