DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOE R. PARKER, JR., EDDIE SHELTON PARKER, DAVID PARKER**
and **CORNEL PARKER,**
Appellants,

v.

**SEAN CORNELIUS PARKER, JOAN PARKER, KEVIN PARKER** and
**PARKERSQUEST, LLC,** a Florida Limited Liability Company,
Appellees.

No. 4D14-666

[February 3, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John T. Luzzo, Judge; L.T. Case No. 07007380 (09).

John K. Buckley, Delray Beach, for appellants.

Adam D. Kemper and Mitchell D. Adler of Greenspoon Marder, P.A., Fort Lauderdale, for appellees.

KLINGENSMITH, J.

Appellants and appellees are embroiled in a lawsuit that was initiated to set aside conveyances of property by their late father and husband, Joe Parker, Sr. (the "decedent"). Appellants have appealed the trial court's final order dismissing their complaint with prejudice for failure to join the decedent's estate as an indispensable party to the action pursuant to section 733.607, Florida Statutes. Because the decedent transferred the subject properties prior to his death, we hold that the estate is not an indispensable party under this provision, and reverse the trial court's dismissal of the action.

After being advised of his terminal medical condition, and fifteen days before his death in September 2006, the decedent and his wife, Joan Parker,[1] transferred title to a total of seven properties – three to their son Sean Cornelius Parker, and four to an entity called Parkersquest, LLC.

---

[1] Joe Parker, Sr., and Joan were legally married at the time of his death, but had been separated for many years.

Parkersquest was created on the day the warranty deeds were executed, and was founded and solely owned by Sean. The decedent and Joan had one other son together, named Kevin.

Seven months later, Joe R. Parker, Jr., Eddie Shelton Parker, David Parker, and Cornel Parker, the decedent's children from other relationships, sued their half-brothers Sean and Kevin, their stepmother Joan, and Parkersquest to set aside each of the warranty deeds. Their allegations included tortious interference with inheritance, unjust enrichment, and replevin to recover the properties as well as certain personal possessions and documents belonging to the decedent which were necessary to administer his estate.

The trial date for this action was set and reset numerous times over the next three years. In November 2010 the trial court removed the case from the trial calendar, and ordered appellants to proceed with the opening of an estate for the decedent, but did not order that appellants join the estate in the suit. Another three years went by until September 2013, when appellees filed a motion to dismiss for failure to join the estate. Appellees argued that the decedent's estate was an indispensable party under section 733.607, and that appellants lacked standing for failure to join it in the action. The trial court granted appellees' motion to dismiss with prejudice for failure to join indispensable parties and denied appellants' ore tenus motion to amend.

Appellants filed multiple motions for relief shortly thereafter. In pertinent part, appellants notified the trial court that they had opened the estate since the time the motion to dismiss was granted, and requested permission once again to amend the complaint. Specifically, they sought leave to add Joe R. Parker, Jr., as a party to the lawsuit as the estate's representative, and to transfer the case to the probate division for resolution. The trial court denied appellants' combined motions without explanation. This appeal ensued.

We review a trial court's decision to dismiss a complaint for failure to join an indispensable party under a de novo standard of review when that decision is based upon an interpretation of the Florida Statutes. *See Fla. Dep't of Revenue v. Cummings*, 930 So. 2d 604, 607 (Fla. 2006). Likewise, "[t]he interpretation of a statute is a purely legal matter" and also subject to de novo review. *Kasischke v. State*, 991 So. 2d 803, 807 (Fla. 2008) (quoting *Kephart v. Hadi*, 932 So. 2d 1086, 1089 (Fla. 2006)).

"Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder." *Citibank, N.A. v.*

*Villanueva*, 174 So. 3d 612, 613 (Fla. 4th DCA 2015) (quoting *Hertz Corp. v. Piccolo*, 453 So. 2d 12, 14 n.3 (Fla. 1984)).  Section 733.607 provides, in pertinent part:

> (1) Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, *the decedent's property*, except the protected homestead, but any real property or tangible personal property may be left with, or surrendered to, the person presumptively entitled to it unless possession of the property by the personal representative will be necessary for purposes of administration.  The request by a personal representative for delivery of any property possessed by a beneficiary is conclusive evidence that the possession of the property by the personal representative is necessary for the purposes of administration, in any action against the beneficiary for possession of it.  The personal representative shall take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution and may maintain an action to recover possession of property or to determine the title to it.

§ 733.607(1), Fla. Stat. (2013) (emphasis added).

This section clearly states that a personal representative has rights to property that remains in the decedent's possession at death.  *Id.*  However, the subject properties at issue in this case were not part of the decedent's estate at the time he died because they had already been conveyed inter vivos to Sean and Parkersquest.

Florida courts have repeatedly permitted a decedent's children to pursue claims to set aside inter vivos conveyances based upon allegations of undue influence, without requiring that the decedent's estate be joined as a party to the suit.  *See Prat v. Carns*, 85 So. 681, 682 (Fla. 1920) (entertaining suit brought by decedent's sons to invalidate deeds executed by decedent prior to his death, on the grounds that they were obtained by undue influence); *Mulato v. Mulato*, 705 So. 2d 57, 59-63 (Fla. 4th DCA 1997) (entertaining suit brought by son to invalidate deeds executed by decedent before her death, on the grounds that they were obtained by undue influence); *Dunn v. White*, 500 So. 2d 565, 566 (Fla. 2d DCA 1986) (permitting son to be substituted as plaintiff for father who died after filing suit to recover property allegedly conveyed as a result of undue influence); *Omel v. Simpson*, 386 So. 2d 2, 2 (Fla. 4th DCA 1980) (entertaining suit brought by decedent's daughter to

challenge deed executed by decedent, on the grounds that it was obtained by undue influence); *Barger v. Barger*, 183 So. 2d 253, 253-54 (Fla. 2d DCA 1966) (permitting decedent's son, who was the sole heir, devisee, and executor of decedent's estate, to pursue action to set aside conveyance of real estate as the product of undue influence).

Other family members have also been permitted to challenge inter vivos transfers of property for undue influence without joining the decedent's estate. *See Bryant v. Bryant*, 379 So. 2d 382, 383 (Fla. 1st DCA 1979) (entertaining suit by family member of unstated relation to cancel deed executed by decedent, on the basis of decedent's alleged lack of capacity and a confidential relationship with the grantee); *Wrobbel v. Walda*, 217 So. 2d 340, 341 (Fla. 4th DCA 1968) (entertaining suit by decedent's granddaughters to set aside gifts and transfers made by decedent on the grounds that they were the product of undue influence); *Rowland v. McCall*, 118 So. 2d 846, 847 (Fla. 2d DCA 1960) (entertaining suit by decedent's sister to void deed on the grounds that decedent executed it as a result of undue influence).

By contrast, appellees have provided no authority supporting the proposition that under section 733.607 a decedent's estate is an indispensable party that must be joined in a suit seeking to set aside inter vivos conveyances due to alleged undue influence. By its ruling, the trial court imposed a requirement that, according to the plain wording of the statute, does not exist. *See, e.g., D.S. v. J.L.*, 18 So. 3d 1103, 1108-09 (Fla. 1st DCA 2009) (holding that trial court erred by interpreting statute to "impos[e] requirements beyond those specified in [the statute]").

Here, the decedent's estate was not so essential to this suit that a final decision regarding appellants' challenge to the conveyances could not be rendered without its joinder. *Villanueva*, 174 So. 3d at 613.

We therefore reverse the trial court's order dismissing the case with prejudice for failure to join the estate as a party, and remand for further proceedings.

*Reversed and Remanded.*

GROSS and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**