DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN WALKER,** as Personal Representative of the **ESTATE OF SOPHIE C. WALKER,** and as assignee of the **ESTATE OF ANDRES IGNACIO RODRIGUEZ GOMEZ,**
Appellant,

v.

**GEICO INDEMNITY COMPANY** and **CARLOS ENRIQUE GILL RAMIREZ** a/k/a **CARLOS GILL,**
Appellee.

No. 4D18-3706

[June 3, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502016CA004453.

Stephen A. Marino, Jr., and Michael Meiler of Ver Ploeg & Marino, P.A., Miami, and Jeff M. Brown and Kenneth J. Ronan of Lavalle, Brown & Ronan, P.A., Boca Raton, for appellant.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Kevin D. Franz of Boyd & Jenerette, P.A., Boca Raton, for appellee.

*On Motion For Clarification*

MAY, J.

We grant the motion for clarification, withdraw our prior opinion, and substitute this opinion in its place.

The plaintiff in a personal injury action appeals a summary judgment in which the trial court determined that the owner of the vehicle involved in the accident was limited to $100,000 in liability. He argues the court erred in determining the coverage available under section 324.021(9)(b)(3), Florida Statutes, and limiting the vehicle owner's liability. We disagree and affirm.

A fatal accident occurred while the defendant driver was driving his stepfather's vehicle. The vehicle's owner stored the vehicle at his stepson's

home. The driver was a permissive user of the stepfather's vehicle.

The following insurance policies were in effect at the time of the accident.

| **Driver** | Allstate | 250/500 Bodily Injury | 100 Property Damage |
| | Stand. Fire | 100/300 Bodily Injury | 100 Property Damage |
| | Geico | 100/300 Bodily Injury | 50 Property Damage |
| | | | |
| **Owner** | Allstate | 250/500 Bodily Injury | 100 Property Damage |

Allstate paid the plaintiffs $250,000 per the applicable insurance policy. Geico denied coverage for the claim. The plaintiffs filed a complaint against the driver's estate and the vehicle owner for wrongful death. The plaintiffs arbitrated their claims against the driver's estate. The driver's estate then assigned its rights under the Geico policy to the plaintiffs' estate.

The plaintiffs and the driver's estate entered into a settlement agreement that provided the $250,000 paid by Allstate "was agreed not to release [the driver], but only to act as a set-off for any judgment [the driver] might eventually owe to [the plaintiff's] estate." The settlement agreement further stated it "shall not affect the claims that the [plaintiff's estate] has against [the vehicle owner]." The plaintiffs thereafter dismissed the driver's estate with prejudice.

The plaintiffs moved for leave to amend their complaint against the vehicle owner and add Geico as a party. Count one of the first amended complaint alleged negligence against the vehicle owner. Counts two and three alleged breach of duty to defend and breach of duty to indemnify against Geico. Count four sought a judgment requesting a declaration that:

a. the [vehicle] involved in the accident was not gifted from [the vehicle owner] to [the driver];

b. the [vehicle] involved in the accident was owned by [the vehicle owner] at the time of the accident; and

c. [the vehicle owner] did not furnish or make the [vehicle] involved in the accident available for regular use for [the driver].

Geico filed its answer and affirmative defenses to the amended

2

complaint. It admitted that it denied coverage for the claim. It claimed the vehicle was not an owned, non-owned, or temporary substitute vehicle under the policy. It further alleged the vehicle was gifted from the vehicle owner to the driver, which caused it to fall outside the policy's coverage.

The vehicle owner filed his answer and affirmative defenses denying the allegations and raising affirmative defenses. He asserted that any recovery should be reduced or barred by any settlement, judgment, or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the complaint. He also asserted that he was entitled to all benefits, restrictions, safeguards, protections, and limitations contained within section 324.021, Florida Statutes.

The vehicle owner moved for summary judgment on count one, which the trial court granted. The court found:

> [The vehicle owner's] insurance company paid $250,000 toward plaintiffs['] claim. Whether $150,000 of that amount is added to the permissive users limits to meet the $500,000 insurance availability requirement or it is treated as payment toward the owner's additional liability above the $350,000 actually paid by other policies, the total amount of $250,000 paid by the owner's policy meets his maximum liability under Section 324.021(9)(b)(3), Fla. Stat., under the undisputed circumstances of this case. With [the vehicle owner] having no further liability, as a matter of law, summary judgment is appropriate.

The plaintiffs moved for reconsideration and both parties moved for summary judgment on count four, the declaratory judgment claim. The trial court denied the plaintiffs' motion for reconsideration, but granted the vehicle owner's motion for entry of final judgment. In the judgment, the court stated:

> Final Judgment shall be entered in favor of [d]efendant, [the vehicle owner], pursuant to this Court's Order dated September 11, 2018, granting [the vehicle owner's] [m]otion for [s]ummary [j]udgment as to Count I of the [p]laintiff's [f]irst [a]mended [c]omplaint. There is no other additional relief being sought against [the vehicle owner] in any of the remaining counts set forth in the [p]laintiff's [f]irst [a]mended [c]omplaint, and more specifically, Count IV of the [p]laintiff's [f]irst [a]mended [c]omplaint for [d]eclaratory [r]elief is not filed against [the vehicle owner], nor is there any affirmative relief

being sought against [the vehicle owner], as the prayer for relief in Count IV of the [p]laintiff's [a]mended [c]omplaint only seeks affirmative relief against [d]efendant, GEICO INDEMNITY COMPANY. Accordingly, Final Judgment shall be entered in favor of [the vehicle owner] only.

It entered the final judgment in favor of the vehicle owner. The plaintiffs now appeal.

The plaintiffs argue the trial court incorrectly interpreted section 324.021(9)(b)(3) to allow the vehicle owner's Allstate policy to apply to both him and the driver, thereby limiting the vehicle owner's liability. The vehicle owner responds that he satisfied his potential maximum liability of $100,000 when his Allstate policy paid the plaintiff's estate $250,000 for the accident.

"Summary judgment orders are reviewed de novo." *Collins v. Auto Partners V. LLC,* 276 So. 3d 817, 820 (Fla. 4th DCA 2019), *review dismissed,* SC19-1676, 2019 WL 6320163 (Fla. Nov. 26, 2019). "'The interpretation of a statute is a purely legal matter' and also subject to de novo review." *Id.* (quoting *Parker v. Parker,* 185 So. 3d 616, 618 (Fla. 4th DCA 2016)).

"Florida's dangerous instrumentality doctrine imposes 'vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.'" *Rippy v. Shepard,* 80 So. 3d 305, 306 (Fla. 2012) (quoting *Aurbach v. Gallina,* 753 So. 2d 60, 62 (Fla. 2000)). However, an owner's vicarious liability is limited by section 324.021(9)(b)(3). *Richbell v. Toussaint,* 221 So. 3d 764, 768 (Fla. 4th DCA 2017).

Section 324.021(9)(b)3, Florida Statutes, provides:

The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith **only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage**. **If the permissive user of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the owner shall be liable for up to an additional $500,000** in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the

4

owner for economic damages shall be reduced by amounts actually recovered from the permissive user and from any insurance or self-insurance covering the permissive user. Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence.

*Id.* (emphasis added).

By its plain language, the statute caps a motor vehicle owner's vicarious liability at $100,000 per person and $300,000 per incident for bodily injury, with additional limits for economic damages depending on the permissive user's insurance coverage.

The plaintiffs argue the vehicle owner's Allstate coverage of $250,000 cannot be used to both satisfy the vehicle owner's maximum liability and count towards the driver's combined policy limits. The vehicle owner responds the statute is straight forward and limits the vehicle owner's liability. We agree with the trial court and the vehicle owner.

If the permissive user's combined limits are $500,000 or more, then the vehicle owner's liability is capped at $100,000 per person. If the permissive user's combined limits are less than $500,000, then the owner shall be additionally liable. Nothing within the statute indicates that the vehicle owner's $100,000 liability cap and the $500,000 combined limits for the permissive user are mutually exclusive.

There is no language excluding insurance policy payments under a vehicle owner's policy from the calculation of a permissive user's combined policy limits. The plaintiffs' argument that the vehicle owner's Allstate policy cannot be used to both satisfy the vehicle owner's maximum liability and count towards the driver's combined policy limits is unsupported by the statute's unambiguous language.

The issue is whether the driver had insurance with a combined limit of $500,000. The answer is yes, as is evidenced by the following:

- Allstate insurance policy number 971 412 483, provided bodily injury liability limits of $250,000 per person, $500,000 per incident, and property damage liability limits of $100,000 per incident. The driver was insured under this policy as a permissive user.

- Allstate insurance policy number 971 710 020, provided bodily injury liability limits of $250,000 per person and

$500,000 per incident and property liability limits of $100,000 per incident. The driver was a named insured under this policy.

- Standard Fire Insurance Company provided bodily injury liability limits $100,000 per person and $300,000 per incident and property damage liability limits of $100,000 per incident. The driver was a named insured under this policy.

- Geico provided bodily injury liability limits $100,000 per person and $300,000 per incident and property damage liability limits of $50,000 per incident. The driver was a named insured under this policy.

In short, the driver was insured under four policies. Excluding the Allstate policy, under which he was a permissive user, he had three policies which provided a total of $700,000 per person in bodily injury and property damage coverage, and $1,350,000 per accident in bodily injury and property damage coverage. Adding the vehicle owner's Allstate policy under which the driver was a permissive user, he had an additional $350,000 per person in bodily injury and property damage coverage and $600,000 per accident and property damage coverage. This brings the driver's total bodily injury and property damage coverage to $1,050,000 per person and $1,950,000 per accident—well over the $500,000 threshold required by the statute to limit the vehicle owner's liability.

The trial court correctly granted the vehicle owner's motion for summary judgment. The vehicle owner's liability was limited to $100,000 under section 324.021 based upon the available coverage in excess of $500,000. We affirm.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

6